■ JUSTIN FRANKLIN, an Infant, by JUDITH PLANTE, His Parent, et al., Respondents, v JOHN W. KRUMANOCKER, Appellant.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered October 29, 1984 in Rensselaer County, which granted plaintiffs' motion to dismiss defendant's counterclaim.

The infant plaintiff and his mother resided for several years in an apartment which she leased in the City of Troy. Defendant was the landlord. The complaint alleges physical injury to the infant resulting from his ingestion of lead-based paint which the landlord had applied to various locations in the apartment. It is claimed that the infant's injuries occurred as a result of defendant's negligent maintenance of the apartment and his allowance of a nuisance to exist. The mother also asserts a derivative claim. Defendant answered and asserted a counterclaim against the mother, alleging that it was her negligence in failing to prevent the infant from ingesting the toxic paint peelings which caused any injuries he may have suffered. Plaintiffs moved, pursuant to CPLR 3211 (a) (7), for dismissal of defendant's counterclaim on the basis that it failed to state a cause of action. Special Term granted plaintiffs' motion and this appeal ensued.

Special Term properly dismissed defendant's counterclaim since it was based on a claim of negligent parental supervision. In New York, it has long been the rule that no cause of action exists against parents for the negligent supervision of their children *(Holodook v Spencer,* 36 NY2d 35, 45-51). The rule remains unchanged, insofar as its application to this case, by the Court of Appeals holding in *Nolechek v Gesuale* (46 NY2d 332), since that case did no more than to permit an

injured third party to assert a cause of action against a parent who negligently entrusted a dangerous instrument to his child.

Here, the argument urged upon us by defendant would require us to create a further exception to the holding in *Holodook.* We decline to do so. The facts of the instant case do not warrant a departure from the long-standing rule of this State. Since the infant has no cause of action against his mother, defendant's counterclaim seeking contribution was properly dismissed.

Order affirmed, with costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.