■ ADEL ALHARB et al., Appellants, v KAMEL SAYEGH et al., Respondents. [604 NYS2d 243] —In a negligence action to recover, *inter alia,* damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered March 22, 1991, as denied those branches of their motion which were to dismiss the second and fourth affirmative defenses and the counterclaim asserted in the answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action, individually and on behalf of their infant daughter, to recover damages for personal injuries sustained when their daughter contracted lead poisoning, allegedly as the result of ingesting paint chips that fell from the ceiling of the apartment that the plaintiffs rented from the defendants. In their answer the defendants alleged, *inter alia,* that they had neither actual nor constructive notice of any dangerous or unsafe condition in the apartment (the second affirmative defense), and that any injury that the infant plaintiff sustained was caused in whole or in part by the negligence of her parents (the fourth affirmative defense). In addition, the defendants counterclaimed against the parents for indemnification and contribution.

The plaintiffs subsequently moved, *inter alia,* to dismiss the fourth affirmative defense and the counterclaim, asserting that, in effect, the defendants were alleging negligent parental

supervision, which is not a viable cause of action or defense in New York. The plaintiffs also moved to dismiss the second affirmative defense, asserting that, since the defendants are their landlords, they are strictly liable for the infant plaintiff's injuries under the warranty of habitability that is implied in every lease under Real Property Law § 235-b. The plaintiffs appeal from so much of the Supreme Court's order as denied those branches of their motion, and we affirm.

On a motion to dismiss a defense or a counterclaim on the ground that a viable defense or counterclaim is not alleged, the sole criterion is whether there exists a defense or counterclaim cognizable at law *(Krasner v New York State Elec. & Gas Corp.,* 90 AD2d 921). Applying this criterion to the facts of this case, we conclude that the defendants' allegations that the infant plaintiff's lead poisoning may have come from a source other than the ingestion of paint chips, that it was exacerbated when her parents failed to seek prompt medical attention for her, and that the plaintiffs painted their own apartment, are allegations which do not sound in negligent parental supervision *(see, Holodook v Spencer,* 36 NY2d 35), and which, if proven, could result in a finding of contributory negligence on the part of the plaintiffs. Therefore, the Supreme Court did not err in refusing to strike the fourth affirmative defense and the counterclaim for contribution and indemnification.

Nor did the Supreme Court err in refusing to strike the second affirmative defense. Contrary to the plaintiffs' contention, a breach of the implied warranty of habitability does not, as a matter of law, require a finding that the landlord is strictly liable in an action to recover damages for personal injuries *(see, Brussel v Ruxton Hotel Assocs.,* 114 Misc 2d 574, 576-577, *vacated in part* 91 AD2d 919; *Mahlmann v Yelverton,* 109 Misc 2d 127; *see also, Carpenter v Smith,* 191 AD2d 1036; *Curry v New York City Hous. Auth.,* 77 AD2d 534). Thus, lack of notice is a cognizable defense. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.