■ In the Matter of SEAN R., a Person Alleged to be a Juvenile Delinquent. [608 NYS2d 917] —Order unanimously affirmed without costs for the reasons stated at Erie County Family Court, Mix, J. (Appeal from Order of Erie County Family Court, Mix, J.—Juvenile Delinquency.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.

■ GLENN R. MOORE et al., Plaintiffs, v CAYUGA BULK SERVICE, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. AGWAY, INC., et al., Third-Party Defendants-Appellants. [605 NYS2d 584] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court abused its discretion by giving third-party plaintiffs until the "trial note of issue becomes final" to respond to third-party defendants' demand for disclosure of accident reports or be precluded from introducing the reports at trial. Third-party defendants are entitled to disclosure of accident reports prepared in the ordinary course of business (CPLR 3101 [g]), unless third-party plaintiffs demonstrate that the reports were prepared exclusively for purposes of litigation *(see, Calkins v Perry,* 168 AD2d 999; *Harris v Processed Wood,* 89 AD2d 220). We modify Supreme Court's order to provide that, within 30 days of service of a copy of the order of this Court with notice of entry, third-party plaintiffs must comply with the demand, move for a protective order, or be precluded from offering the reports or any evidence thereof upon the trial of this action. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Discovery.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.