■ OLIVER NAVARO, an Infant, by His Mother and Natural Guardian, ALICIA MERINO, et al., Respondents, v ANTHONY IERACI, Appellant. [625 NYS2d 642] —In an action to recover damages for personal injuries, etc., the defendant appeals from (1) an order of the Supreme Court, Kings County (Hurowitz, J.), dated January 11, 1994, which granted the plaintiffs' motion to dismiss the defendant's first affirmative defense and denied his motion for leave to amend his verified answer, and (2) an order of the same court, dated May 5, 1994, which denied his motion for reargument of the motion leading to the order dated January 11, 1994, and thereupon awarded the plaintiffs costs for frivolous motion practice.

Ordered that the appeal from the order dated May 5, 1994, is dismissed insofar as it seeks review of the denial of reargument, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 5, 1994, is otherwise affirmed insofar as reviewed; and it is further,

Ordered that the order dated January 11, 1994, is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiffs, an infant and his mother, commenced this action against the defendant, their landlord, after the infant was diagnosed as having lead poisoning in December 1990. Subsequently, an inquiry by the State revealed the presence of lead in two apartments leased by the plaintiffs from the defendant between 1987 (the year the infant was born) and 1991. The defendant was ordered to abate the lead condition in December 1990 and the plaintiffs moved out of the second apartment to allow the work to be completed. However, the work was not completed before the plaintiffs returned to the apartment in 1991.

In his answer, the defendant asserted as a first affirmative defense that the injuries were caused by the culpable conduct of the mother. The plaintiffs moved to dismiss this affirmative defense as failing to state a cause of action. The defendant cross-moved for permission to serve an amended answer alleging three counterclaims against the mother: (1) she negligently failed to protect the infant from the alleged hazardous conditions known to her in the apartment, (2) she negligently entrusted the infant with a dangerous instrument, and (3) she negligently performed her assumed duty to protect or super-

vise the infant from dangerous and hazardous conditions known to her.

The defendant has not alleged, and the record does not reveal, the type of affirmative conduct needed by a parent to remove this case from the general rule that mere negligent supervision of a child is not actionable *(see,* 2C Warren's New York Negligence § 80.02 [3] [a]; *Nolechek v Gesuale,* 46 NY2d 332; *Holodook v Spencer,* 36 NY2d 35; *Young v Greenberg,* 181 AD2d 492; *Grivas v Grivas,* 113 AD2d 264; *Acquaviva v Piazzolla,* 100 AD2d 502; *Goedkoop v Ward Pavement Corp.,* 51 AD2d 542; *Morales v Moss,* 44 AD2d 687). Thus, the court properly dismissed the first affirmative defense and denied the defendant permission to amend his answer to include counterclaims against the mother for contribution and/or indemnity.

Although no appeal lies from an order denying reargument, we affirm that part of the order dated May 5, 1994, which awarded the plaintiffs costs for the defendant's frivolous motion practice *(see,* 22 NYCRR 130-1.1). The case cited by the defendant as justifying the motion for leave to reargue, *Alharb v Sayegh* (199 AD2d 229), was decided before the order dated January 11, 1994. In any event, contrary to the defendant's assertions on appeal, *Alharb* did not change the relevant law. Ritter, J. P., Altman, Hart and Goldstein, JJ., concur.