■ EUNICE M. MORALES, an Infant, by Her Mother and Natural Guardian, MARTHA MEDRANO, et al., Respondents, v FELICE PROPERTIES CORP. et al., Defendants, and STUART MORGAN et al., Appellants. [633 NYS2d 305] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered May 24, 1994, which denied defendants-appellants' motion for leave to amend their answer to assert counterclaims against plaintiff natural guardian pursuant to CPLR 3025 (b), unanimously affirmed, without costs.

The IAS Court, in denying leave to amend, correctly determined that the proposed counterclaims were merely a disingenuous attempt to assert a negligent supervision claim against plaintiff natural guardian in contravention of well-settled New York law, which recognizes that a claim for negligent supervision of a child, however worded, is not a viable cause of action cognizable at law (*Holodook v Spencer*, 36

NY2d 35; *Franklin v Krumanocker*, 114 AD2d 611). Multiple Dwelling Law § 78 and Administrative Code of the City of New York § 27-2013 (h) (1) impose nondelegable duties upon defendants-appellants to keep their premises in good repair and to remove or cover lead paint therein (*Mas v Two Bridges Assocs.*, 75 NY2d 680, 687; *Juarez v Wavecrest Mgt. Team*, 212 AD2d 38, 46). Concur—Rosenberger, J. P., Rubin, Kupferman and Williams, JJ.