■ RICHARD M. R. Cox et al., Individually and as Parents and Natural Guardians of BENJAMIN J. Cox, an Infant, Appellants, v RACHED CHEAIB et al., Respondents. [647 NYS2d 317] —Order unanimously affirmed without costs. Memorandum: Plaintiffs'

son was burned by scalding water while being bathed by plaintiff Richard M. R. Cox, his father, in the apartment rented by plaintiffs. They commenced this action individually and on behalf of their son against defendants, the owners of the apartment.

Supreme Court properly denied plaintiffs' motion to dismiss defendants' fifth affirmative defense and counterclaim seeking indemnification from plaintiff father for his alleged culpable conduct. "[A] third party cannot seek contribution from a parent on the basis that a child's injury was the result, either in whole or in part, of the parent's failure to supervise the child" (*Hlavinka v Slovak Sky Bungalow Colony*, 203 AD2d 855, 856; *see, Holodook v Spencer*, 36 NY2d 35). Nor, in an action brought by an infant, shall contributory negligence on the part of the parent be imputed to the infant (*see*, General Obligations Law § 3-111). Contribution is not prohibited, however, "where the parent's conduct toward his child would be a tort 'if done by one ordinary person to another' " (*Holodook v Spencer*, 36 NY2d 35, 48, quoting McCurdy, *Torts Between Persons in Domestic Relation*, 43 Harv L Rev 1030). Here, defendants' affirmative defense and counterclaim are based upon the alleged active and affirmative negligence of plaintiff father while bathing his son, not upon the negligent failure to supervise him. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Dismiss Counterclaim.) Present—Denman, P. J., Pine, Fallon, Wesley and Davis, JJ.