■ NICOLE M. MERLO, Appellant, et al., Plaintiff, v JAMES W. ZIMMER et al., Respondents. [647 NYS2d 641] —Order unanimously reversed on the law with costs, motion denied and com-

plaint reinstated. Memorandum: Supreme Court erred in granting the motion of defendants for summary judgment dismissing the complaint. Plaintiff met her burden in opposition to the motion by presenting proof sufficient to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Defendants were the owners of the house occupied by plaintiff and her family. In the course of re-siding the house, defendants had removed the gutters. It is undisputed that, in the absence of gutters, water ran off the roof onto the sidewalk in front of the house, where it "puddled" and froze throughout that winter. On March 20, 1988, plaintiff slipped and fell on the ice formed by the puddle, seriously injuring herself.

Although landowners ordinarily must have actual or constructive notice of a defective condition before they may be held liable (*see, Putnam v Stout,* 38 NY2d 607, 612), such notice is not required where the landowner creates the defective condition (*see, Bloch v Potter,* 204 AD2d 672; *Yass v Deepdale Gardens,* 187 AD2d 506). Even were notice required, constructive notice could be imputed from the fact that the condition existed for so long a time that, in the exercise of reasonable care, defendants should have known of it (*see, Putnam v Stout, supra,* at 612; 2B Warren's New York Negligence, Landlord and Tenant, § 61.06 [3] [1996]). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.