JOSEPH A. TENEBRUSO et al., Individually and as Parents and Natural Guardians of JOSEPH A. TENEBRUSO, JR., an Infant, Appellants-Respondents, v TOYS "R" US—NYTEX, INC., Respondent-Appellant. [682 NYS2d 785] —Order unanimously modified on the law and as modified affirmed without costs in

accordance with the following Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by their son when he tripped and fell in defendant's store. Plaintiffs alleged that the presence of "clutter" in the aisle, including boxes, shopping carts and a ladder, caused their son to fall and hit his head on the wheel of a shopping cart. Defendant asserted affirmative defenses alleging the comparative negligence of plaintiffs and their son.

Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Defendant did not meet its burden of establishing that it did not create the allegedly dangerous condition or that it had no actual or constructive notice of it (*see, Merlo v Zimmer*, 231 AD2d 952, 953; *Eddy v Tops Friendly Mkts.*, 91 AD2d 1203, *affd* 59 NY2d 692). We reject defendant's contention that, even if there was a dangerous condition, it did not cause plaintiffs' son to fall. Plaintiffs' son testified that he tripped over a toy or a box. Further, even if the dangerous condition was readily observable to plaintiffs' son, that would be relevant on the issue of his comparative negligence but would not negate the duty of defendant to keep its premises safe (*see, Crawford v Marcello*, 247 AD2d 907; *Morgan v Genrich*, 239 AD2d 919, 920).

The court also properly denied that part of plaintiffs' cross motion to dismiss the affirmative defense alleging culpable conduct on the part of plaintiffs' son. Contrary to the contention of plaintiffs, their son, who was just over four years old at the time of the accident, was not *non sui juris* as a matter of law. His capacity to exercise care under the circumstances is a question of fact for the jury (*see, Day v Johnson*, 265 App Div 383, 387).

The court erred, however, in denying that part of plaintiffs' cross motion to dismiss the affirmative defense alleging plaintiffs' comparative negligence. Defendant has not alleged any conduct by plaintiffs that would remove this case from the general rule that parents are not liable to their children for their negligent failure to provide adequate supervision (*see, Holodook v Spencer*, 36 NY2d 35, 40-41; *Burgess v Cappola*, 251 AD2d 1001; *Navaro v Ieraci*, 214 AD2d 713, 714).

The court further erred in denying that part of plaintiffs' cross motion to compel production of accident reports concerning this incident that were prepared in the regular course of defendant's business. Defendant did not meet its burden of establishing that those reports were prepared exclusively in anticipation of litigation and were not " 'motivated at least in

part by a business concern other than preparation for litigation'" (*Blakesley v State of New York*, 244 AD2d 947; *see,* CPLR 3101 [d] [2]; [g]; *Moore v Cayuga Bulk Serv.*, 199 AD2d 1013).

We modify the order, therefore, by granting in part plaintiffs' cross motion, dismissing the affirmative defense alleging plaintiffs' comparative negligence and directing defendant to produce its accident reports concerning the incident that were prepared in the regular course of defendant's business. (Appeals from Order of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.