■ ANDRE CANTAVE and Others, Infants, by Their Mother and Natural Guardian, PAULINE AITCHESON, Respondents, v CHARLES PETERSON, Appellant, et al., Defendant. [698 NYS2d 721] —In an action to recover damages for personal injuries, etc., the defendant Charles Peterson appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered June 16, 1998, which denied his motion pursuant to CPLR 3025 (b) for leave to amend his answer to add counterclaims.

Ordered that the order is modified by deleting the provision thereof denying the motion in its entirety and substituting therefor a provision granting the motion to the extent of granting the defendant Charles Peterson leave to amend his answer to assert counterclaims for contribution against the plaintiff mother based upon allegations that she painted the plaintiffs' apartment and failed to seek prompt medical attention for the infant plaintiffs, and otherwise denying the motion; as so modified the order is affirmed, with costs to the appellant.

The plaintiff Pauline Aitcheson (hereinafter the mother) commenced this action, individually and on behalf of her infant children, to recover damages for personal injuries sustained when her children contracted lead poisoning, allegedly as the result of exposure to and inhalation and ingestion of lead-based paint and lead-based dust in the apartment in which they resided, and which was owned by the appellant Charles Peterson.

The appellant sought leave to amend his answer to assert counterclaims alleging, *inter alia*, that the conduct of the mother in painting her own apartment and in failing to seek prompt medical attention for her allegedly lead-poisoned children, was the sole and/or contributing cause of the alleged injuries. The Supreme Court denied the motion in its entirety finding that, in effect, since all of the proposed counterclaims sounded in negligent supervision of the children, they failed to allege any legally-cognizable claim against the mother. We disagree.

To the extent that the proposed counterclaims allege that any injuries were caused solely or in part by the mother's having painted the apartment herself and by her having failed to promptly seek medical attention for the children, they do not sound in negligent parental supervision and, if proven, those allegations could result in a finding of comparative negligence on the part of the mother. Therefore, the motion should have been granted to that extent (*see, Alharb v Sayegh,* 199 AD2d 229). As to the remaining allegations of the proposed counterclaims, the motion was properly denied since the appellant seeks to assert claims that are either based upon the nonactionable claim of negligent parental supervision (*see, Holodook v Spencer,* 36 NY2d 35; *Navaro v Ieraci,* 214 AD2d 713), or are otherwise patently without merit (*see, Juarez v Wavecrest Mgt. Team,* 88 NY2d 628; *Morales v Felice Props. Corp.,* 221 AD2d 181, 182). Santucci, J. P., Sullivan, Florio and Schmidt, JJ., concur.