■ EDWIN MUÑOZ, an Infant, by His Mother and Natural Guardian, MERCEDES HERNANDEZ, Appellant, v MAEL EQUITIES, INC., et al., Respondents. [728 NYS2d 662] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about December 11, 2000, which granted defendants' motion to amend their answer to include seventh and eighth affirmative defenses and three counterclaims, unanimously modified, on the law, so as to deny leave to add the eighth affirmative defense and the three counterclaims, and otherwise affirmed, without costs.

Plaintiff is alleged to have sustained severe injuries as a result of toxic lead paint conditions in the apartment in which he and his mother, who brought this action on his behalf, have resided since he was born in 1983. Defendants' proposed counterclaims assert that they are entitled to indemnification or contribution for any judgment obtained against them based on the proportionate responsibility of the mother. According to the first counterclaim, she, *inter alia*, painted the apartment with lead-based paint, refused to allow the landlord access to the apartment for the purpose of identifying and correcting any defective condition, and failed to advise the landlord of any defective condition. According to the third counterclaim, she failed, *inter alia*, to make all repairs occasioned by her "acts or negligence" and to notify the landlord of any dangerous or defective condition, thereby breaching various terms of her lease on the apartment. Since there is no support for these assertions in the record at this stage with discovery still outstanding, it was error to grant leave to add them (CPLR 3025 [b]; *Megaris Furs v Gimbel Bros.,* 172 AD2d 209).

Defendants' second proposed counterclaim asserts that

plaintiff's mother, *inter alia*, failed to seek prompt and appropriate medical care for the infant plaintiff, failed to heed and follow the directions of medical care providers in connection with the treatment of the alleged injuries, and exposed the infant plaintiff to other sources of lead. Since this claim appears to sound in negligent supervision on the part of plaintiff's mother, it may not stand (*see, Nieves v 1097 Walton Realty Co.*, 220 AD2d 329).

The eighth affirmative defense of assumption of the risk by plaintiff also must be rejected (*id.*). Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Friedman, JJ.