ANTONIO WARD et al., Infants, by Their Parent and Natural Guardian, MALISSA WARD, Plaintiffs, v EUGENE BIANCO et al., Defendants. BOWPAS PROPERTIES, INC., et al., Third-Party Plaintiffs-Respondents, v MALISSA ANN WARD et al., Third-Party Defendants-Appellants. [792 NYS2d 749]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered August 3, 2004. The order, among other things, denied without prejudice those parts of the motion of third-party defendants seeking dismissal of the third-party complaints of defendants third-party plaintiffs Bowpas Properties, Inc. and James G. Mogle for failure to state a cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting those parts of the motion with respect to the third-party complaints and dismissing the third-party complaint of defendant third-party plaintiff Bowpas Properties, Inc. and the negligent parental supervision claims of defendant third-party plaintiff James G. Mogle and as modified the order is affirmed without costs.

Memorandum: In this action brought by the mother of two children to recover damages for their alleged poisoning as a result of their exposure to lead paint at various premises, third-party defendants, the parents of the children, appeal from an order denying those parts of their motion seeking summary judgment dismissing the third-party complaints of defendant third-party plaintiff Bowpas Properties, Inc. (Bowpas) and defendant third-party plaintiff James G. Mogle. Those third-party complaints seek contribution or common-law indemnification from the parents and allege that the parents negligently caused or failed to prevent their children's exposure to lead paint.

We agree with the parents that Supreme Court erred in failing to dismiss the third-party complaint of Bowpas. That pleading asserts only claims of negligent parental supervision, in contravention of well-settled principles of law (*see Munoz v Mael Equities*, 286 AD2d 213, 214 [2001]; *Cantave v Peterson*, 266 AD2d 492, 493 [1999]; *Morales v Felice Props. Corp.*, 221 AD2d 181 [1995]; *Navaro v Ieraci*, 214 AD2d 713, 713-714 [1995]; *see generally Holodook v Spencer*, 36 NY2d 35, 44-51 [1974]; *Tenebruso v Toys "R" Us—NYTEX*, 256 AD2d 1236, 1237 [1998]).

We similarly conclude that the court erred in failing to dismiss the third-party complaint of Mogle insofar as it likewise asserts claims of negligent parental supervision. We conclude, however, that the third-party complaint of Mogle states a viable claim against the parents insofar as it alleges that the parents "created and/or exacerbated the lead paint conditions in the subject premises by attempting to remediate, remove and/or maintain the premises" (*see Cantave,* 266 AD2d at 493; *Alharb v Sayegh,* 199 AD2d 229, 230 [1993]; *Berger v City of New York,* 177 Misc

2d 891, 892-894 [1998]). We thus modify the order by granting those parts of the motion seeking summary judgment dismissing the third-party complaint of Bowpas and the negligent parental supervision claims of Mogle. Present—Green, J.P., Scudder, Kehoe, Smith and Hayes, JJ.