■ J.G., et al., Infants, by Their Parent and Natural Guardian CLEVELAND GRANT, Appellants, v PAUL ZACHMAN et al., Respondents, et al., Defendant. [825 NYS2d 621]—

Appeal from an order of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), entered September 16, 2005 in a personal injury action. The order, among other things, granted the motion of defendant Paul Zachman for a protective order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs, by their parent and natural guardian, Cleveland Grant (Grant), commenced this action seeking damages for injuries allegedly sustained from exposure to lead paint in three separate residences. Defendant Paul Zachman moved for a protective order striking plaintiffs' notice to admit requesting that Zachman and defendant Ben Pennetta admit, inter alia, that Grant is not a party to the action. Plaintiffs cross-moved for, inter alia, an order declaring that Grant is not a party to the action or, in the alternative, plaintiffs requested that Supreme Court take judicial notice that Grant is not a party to the action, and they further sought an order permitting plaintiff J.G. to discontinue the action against Pennetta and defendant Alan Shao. Plaintiffs appeal from an order that, inter alia, granted Zachman's motion for a protective order, denied those parts of plaintiffs' cross motion noted above and sua sponte ordered that a parent of plaintiffs, if subpoenaed, attend the physical examinations of plaintiffs in order to provide consent and any necessary medical history.

"A trial judge is vested with broad discretion to control discovery and disclosure and its determination of such issues will only be disturbed on a showing of clear abuse" (*Cerasaro v Cerasaro*, 9 AD3d 663, 664 [2004]). We conclude that, contrary to plaintiffs' contentions, the court did not abuse its discretion in the matters of discovery and disclosure herein.

Although we recognize that " 'ordinarily a party cannot be compelled to litigate,' " we conclude that the court did not abuse its discretion in denying that part of plaintiffs' cross motion seeking to discontinue the action against Pennetta and Shao

(*White v County of Erie*, 309 AD2d 1299, 1300 [2003]; *see generally Tucker v Tucker*, 55 NY2d 378, 383-384 [1982]). We further conclude that the court properly granted Zachman's motion for a protective order and denied that part of plaintiffs' cross motion seeking to establish Grant's status as a nonparty by way of a declaratory judgment or through judicial notice. With respect to Zachman's motion, the court properly determined that the notice to admit was not being used to resolve factual issues, but rather, was being used to resolve legal issues regarding Grant's obligations with respect to the action (*see generally Sagiv v Gamache*, 26 AD3d 368, 369 [2006]). With respect to that part of plaintiffs' cross motion seeking a declaratory judgment, the court did not abuse its discretion in determining that it would not entertain an application for declaratory relief where, as here, there is no " 'genuine controversy requiring judicial determination' " (*Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 148 [1983], *cert denied* 464 US 993 [1983]; *see* CPLR 3001). With respect to that part of plaintiffs' cross motion seeking judicial notice, the court properly determined that Grant's status as a nonparty is not a "matter[ ] of common knowledge" and thus is not appropriate for judicial notice (Prince, Richardson on Evidence § 2-203, at 31 [Farrell 11th ed]).

Finally, we conclude that the court did not abuse its discretion in sua sponte ordering that a parent of plaintiffs, if subpoenaed, attend the physical examinations of plaintiffs for the limited purpose of consenting to the examinations and providing necessary medical history (*see* CPLR 3101 [a] [4]). Present—Scudder, J.P., Martoche, Centra and Pine, JJ.