respondent grabbed a flashlight from an officer's hand and raised it above his head as if to strike the officer. That officer testified that he stepped back because he feared that respondent would strike him with the flashlight. The presentment agency thus adduced legally sufficient evidence establishing that the officer was placed in fear of physical injury (*cf. People v Peterkin*, 245 AD2d 1050, 1051 [1997], *lv denied* 91 NY2d 1011 [1998]; *People v Sylla*, 7 Misc 3d 8, 10 [App Term, 2d Dept 2005], *lv denied* 4 NY3d 857 [2005]). With respect to the crime of obstructing governmental administration, we conclude that the testimony that respondent grabbed the flashlight from the officer and raised it as if to strike the officer while the police were attempting to arrest his father is legally sufficient to establish that respondent was attempting to interfere with the arrest of his father (*see Matter of Joshua C.*, 289 AD2d 1095 [2001]; *see also Matter of Reginald B.*, 249 AD2d 979 [1998]). Present— Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.

◼ In the Matter of MARIA M.F., an Infant. MICHAEL Q., Appellant; JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, et al., Respondent. [827 NYS2d 914]—Appeal from an amended order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered March 6, 2006 in a proceeding pursuant to Family Court Act article 10. The amended order dismissed the petition without prejudice.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs (*see Matter of King v King*, 309 AD2d 1207 [2003]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.

◼ A.W. et al., Infants, by Their Parent and Natural Guardian, MALISSA WARD, Respondents, v EUGENE BIANCO et al., Defendants, and BOWPAS PROPERTIES, INC., Appellant. [827 NYS2d 907]—Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered December 1, 2005 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant Bowpas Properties, Inc. for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for the reasons stated in decision at Supreme Court (*see Jackson v Brown*, 26 AD3d 804 [2006]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.

◼ M.F. et al., by Their Parent and Natural Guardian, ARMANDRA FLOWERS, Appellants, v DAVID J. DELANEY et al., Defendants, and ROBERT N. UTLEY et al., Respondents. [830 NYS2d 412]—

Appeal from an order of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), entered March 31, 2006 in a personal injury action. The order, inter alia, denied plaintiffs' cross motion seeking, inter alia, to dismiss certain affirmative defenses and the counterclaims of defendants Robert N. Utley and Ben Pennetta.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting plaintiffs' cross motion in part and dismissing the third affirmative defenses of defendants Robert N. Utley and Ben Pennetta and the fourth, sixth and ninth affirmative defenses and counterclaims of those defendants insofar as those affirmative defenses allege assumption of risk or culpable conduct on the part of plaintiffs and insofar as those affirmative defenses and counterclaims allege negligence on the part of plaintiffs' mother or seek to impute the alleged negligence of plaintiffs' mother to plaintiffs for the purpose of reducing their recovery and as modified the order is affirmed without costs.

Memorandum: Plaintiffs' mother commenced this action on plaintiffs' behalf, alleging that plaintiffs are entitled to damages for injuries they sustained as result of their exposure to lead paint at various premises owned or managed by, inter alia, Robert N. Utley and Ben Pennetta (defendants). Supreme Court properly granted the motion of defendants for a protective order relieving them from having to respond to plaintiffs' notice to admit. Further, the court properly denied that part of plaintiffs' cross motion seeking a declaratory judgment or, alternatively, requesting that the court take judicial notice that plaintiffs' mother is not a party to the action (see J.G. v Zachman, 34 AD3d 1277 [2006]). Moreover, under the circumstances of this case, the court did not abuse its discretion in denying that part of plaintiffs' cross motion for leave to discontinue the action against three of the defendants, other than Utley and Pennetta (see id.).

We further conclude that the court properly denied that part of plaintiffs' cross motion seeking to dismiss the 11th affirmative defense in each defendant's answer. The court, however, should have granted plaintiffs' cross motion in part by dismissing the third, fourth, sixth, and ninth affirmative defenses in each defendant's answer insofar as they allege the failure to mitigate damages, assumption of risk, or culpable conduct on the part of plaintiffs, who were only two and three years old, respectively, when they moved out of the subject premises. Those affirmative defenses are not available with respect to

such allegations because infants of such young age are non sui juris as a matter of law (*see Verni v Johnson*, 295 NY 436, 437-438 [1946]; *Boyd v Trent*, 297 AD2d 301, 302-303 [2002]; *Smith v Sapienza*, 115 AD2d 723, 724 [1985]; *cf. Estate of Pesante v County of Seneca*, 1 AD3d 915, 917-918 [2003]). The third affirmative defense also is not available insofar as it alleges the failure to mitigate damages on the part of plaintiffs' mother, requiring dismissal of that affirmative defense in its entirety, and the fourth, sixth and ninth affirmative defenses and the counterclaim in each defendant's answer also are not available insofar as they allege negligence on the part of plaintiffs' mother, including her negligent supervision of plaintiffs (*see Christopher M. v Pyle*, 34 AD3d 1286 [2006]; *Ward v Bianco*, 16 AD3d 1155, 1156 [2005]; *see generally LaTorre v Genesee Mgt.*, 90 NY2d 576, 579 [1997]). In addition, they are not available insofar as they seek to impute the alleged negligence of plaintiffs' mother to plaintiffs for the purpose of reducing their recovery (*see* General Obligations Law § 3-111; *Holodook v Spencer*, 36 NY2d 35, 48 [1974]; *Cox v Cheaib*, 231 AD2d 841, 842 [1996]). We therefore modify the order accordingly.

Finally, we conclude that the court properly refused to dismiss the affirmative defenses and counterclaims insofar as they allege that plaintiffs' mother affirmatively created or exacerbated the lead paint conditions at the subject premises by "chang[ing]" or otherwise "damag[ing] . . . the paint conditions . . . [, thereby] causing the alleged lead exposure"; exposing plaintiffs to lead paint conditions elsewhere and/or by other instrumentalities; and negligently "attempting to remediate, remove and/or maintain the premises" (*see Ward*, 16 AD3d at 1156; *Cantave v Peterson*, 266 AD2d 492, 493 [1999]; *Arriaga v Laub Co.*, 233 AD2d 244, 245 [1996]; *Alharb v Sayegh*, 199 AD2d 229, 230 [1993]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.