*57 OPINION OF THE COURT
Per Curiam.
Order, entered February 25, 2008, affirmed, with $10 costs.
The court properly exercised its discretion in denying defendants’ belated motion to amend their answer. Although permission to amend should ordinarily be freely granted (CPLR 3025 [b]), the movant must make some evidentiary showing that the proposed amendment has arguable merit (see HeleneHarrisson Corp. v Moneyline Networks, 6 AD3d 151 [2004]). The proposed counterclaims advanced by defendants herein assert that the plaintiff mother failed to adequately “interfere with” — or, perhaps more properly, to take steps to reduce or eliminate — the infant plaintiff’s exposure to the mold condition giving rise to this lawsuit. These counterclaims sound in negligent parental supervision, which, in the absence of limited exceptions not here relevant, is not a viable cause of action cognizable at law (see Holodook v Spencer, 36 NY2d 35 [1974]). Lacking from defendants’ moving submission were any evidentiary facts tending to show that the mother’s conduct exacerbated the dangerous mold condition complained of or heightened the infant plaintiff’s risk of injury therefrom (cf. Alharb v Sayegh, 199 AD2d 229 [1993]; Cooper v County of Rensselaer, 182 Misc 2d 487 [1999]). Contrary to defendants’ apparent contention, the plaintiff mother may not properly be cast in damages for failing to affirmatively undertake whatever mediation measures may have been required to abate the mold condition or to vacate the affected residential premises.
McKeon, EJ., Schoenfeld and Heitler, JJ., concur.