MYKELTI CUNNINGHAM, an Infant, by His Guardian, UTOPIA R. ROGERS, Appellant, v JOHN K. ANDERSON, Defendant and Third-Party Plaintiff-Respondent. LARRY CUNNINGHAM, Third-Party Defendant-Appellant. [887 NYS2d 712]—

---

Malone Jr., J. Appeal from an order of the Supreme Court (Egan Jr., J.), entered March 25, 2009 in Albany County, which, among other things, granted defendant's motion to disqualify the counsel for plaintiff and third-party defendant.

This personal injury action was originally commenced against defendant by third-party defendant, Larry Cunningham, on behalf of his son, plaintiff, seeking damages for injuries allegedly caused by exposure to lead paint. When custody of plaintiff was transferred to Utopia R. Rogers, the parties stipulated to amend the caption to substitute Rogers as plaintiff's legal guardian. Following some discovery, defendant commenced a third-party action seeking contribution against Cunningham. After plaintiff's attorney, Mo Athari, filed an answer to the third-party complaint on Cunningham's behalf, defendant moved to disqualify Athari from representing both plaintiff and Cunningham on the basis of an "unwaivable conflict of interest." Plaintiff cross-moved for, among other things, summary judgment dismissing the third-party complaint. Supreme Court granted defendant's motion and disqualified Athari from further representation of any of the parties. Plaintiff and Cunningham appeal.

In the third-party complaint, rather than claiming that Cunningham "affirmatively created or exacerbated the lead paint conditions" (*M.F. v Delaney*, 37 AD3d 1103, 1105 [2007]; *see Ward v Bianco*, 16 AD3d 1155, 1156 [2005]; *see also Cantave v Peterson*, 266 AD2d 492, 493 [1999]; *Cooper v County of Rensselaer*, 182 Misc 2d 487, 488-489 [1999]), defendant alleges that Cunningham failed to act to eliminate or prevent plaintiff's exposure to the alleged lead hazard, failed to notify plaintiff's medical and educational providers of the alleged exposure and failed to mitigate or provide treatment for plaintiff's alleged injuries. Inasmuch as such allegations are essentially impermissible claims of negligent supervision (*see M.F. v Delaney*, 37 AD3d at 1105; *Ward v Bianco*, 16 AD3d at 1156-1157; *see also* General Obligations Law § 3-111), the third-party complaint should have been dismissed.

As a result of the foregoing, defendant's claim that Athari is disqualified from simultaneously representing Cunningham and plaintiff is moot. Further, defendant lacks standing to move to disqualify Athari on the basis of alleged successive conflicts of

interest (*see* former Code of Professional Responsibility DR 5-108 [22 NYCRR former 1200.27]). "The basis of [such] disqualification motion is an allegation of a breach of a fiduciary duty owed by an attorney to a current or former client" (*Rowley v Waterfront Airways*, 113 AD2d 926, 927 [1985] [citations omitted]). A party moving to disqualify an opponent's attorney on this basis must establish, among other things, "the existence of a prior attorney-client relationship between the moving party and opposing counsel" (*Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]). As defendant has never been represented by Athari, Athari does not owe defendant the duty necessary to confer defendant with standing to challenge Athari's continued representation of plaintiff in this action.

Mercure, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiff's cross motion for summary judgment dismissing the third-party complaint granted and defendant's motion to disqualify attorney Mo Athari from representing plaintiff denied.