# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1337**
**CA 12-01085**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

TIANA SYKES, PLAINTIFF-APPELLANT-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

STAN ROTH, DEFENDANT-RESPONDENT-APPELLANT.

---

ATHARI & ASSOCIATES, LLC, UTICA (MO ATHARI OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (KATHRYN A. DALY OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered January 10, 2012. The order, inter alia, denied the preclusion motion of defendant and denied the cross motion of plaintiff for summary judgment.

It is hereby ORDERED that said cross appeal is unanimously dismissed and the order is modified on the law by granting the cross motion in part and dismissing the second and third affirmative defenses insofar as they allege that plaintiff failed to mitigate her damages prior to the time she could be held responsible for her actions and that plaintiff's mother was negligent and the order is otherwise affirmed.

Memorandum:  Plaintiff commenced this personal injury action alleging that defendant is liable for injuries she sustained as the result of the presence of lead paint in an apartment her mother rented from defendant from plaintiff's birth until she was two years of age. Supreme Court properly denied that part of plaintiff's cross motion seeking partial summary judgment on liability, including the issues of "notice, negligence and causation."  Even assuming, arguendo, that plaintiff met her initial burden of establishing as a matter of law that defendant had actual or constructive notice of the dangerous condition and thus that defendant was negligent, we conclude that defendant raised an issue of fact whether he had notice of the presence of the lead paint on an exterior, second-floor porch, which he subsequently removed at the direction of the Monroe County Department of Health (DOH) (*see generally Chapman v Silber*, 97 NY2d 9, 15).  We reject plaintiff's contention that, pursuant to Real Property Law § 235-b, there is a presumption that defendant had notice of the dangerous condition.  That section provides that, when entering into a lease agreement, the landlord warrants that the premises are habitable; it does not constitute "controlling legislation" warranting

a determination that defendant had notice of the dangerous condition (*Chapman*, 97 NY2d at 15).

We conclude however, that the court erred in denying that part of plaintiff's cross motion seeking to dismiss the second affirmative defense insofar as it alleges that plaintiff failed to mitigate her damages prior to the time she could be held responsible for her actions (*see Cunningham v Anderson*, 85 AD3d 1370, 1372, *lv dismissed in part and denied in part* 17 NY3d 948; *M.F. v Delaney*, 37 AD3d 1103, 1104-1105), and the third affirmative defense insofar as it alleges culpable conduct on the part of plaintiff's mother, which sounds in negligent parental supervision (*see M.F.*, 37 AD3d at 1105; *Ward v Bianco*, 16 AD3d 1155, 1156).

Defendant's cross appeal from that part of the order denying his motion to preclude the admission of computer records from the DOH is dismissed. Because the pretrial ruling does not limit a theory of liability, but only determines the admissibility of evidence, that part of the order is not appealable (*see George C. Miller Brick Co., Inc. v Stark Ceramics, Inc.*, 2 AD3d 1341, 1342-1343; *see also Mayes v Zawolik*, 55 AD3d 1386, 1387).

Entered:  December 21, 2012                          Frances E. Cafarell
                                                      Clerk of the Court