# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

877

CA 12-02384

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

JEROME BURGESS, II AND JUSTIN RELIFORD,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

MALCOLM MEYER AND PETER MONACELLI,
DEFENDANTS-RESPONDENTS.

---

ATHARI & ASSOCIATES, LLC, UTICA (MO ATHARI OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

FELDMAN KIEFFER, LLP, BUFFALO (ALAN J. BEDENKO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered October 23, 2012. The order, inter alia, denied those parts of the cross motion of plaintiffs for partial summary judgment on the issue of liability, for an order taking judicial notice of certain statutes and regulations and for dismissal of certain affirmative defenses asserted by defendants.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiffs' cross motion in part and dismissing the 3rd, 15th, 17th, and 29th affirmative defenses, dismissing the 13th affirmative defense insofar as it alleges that plaintiffs failed to mitigate their damages prior to the time that they could be held responsible for their actions, and conforming the order to the decision by providing that the 27th affirmative defense is withdrawn, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries they allegedly sustained as a result of their exposure to lead paint as children while living in premises owned by defendants. We reject plaintiffs' contention that Supreme Court erred in denying that part of their cross motion seeking an order taking judicial notice of 42 USC § 4851, Public Health Law § 1370 *et seq.*, Real Property Law § 235-b, 10 NYCRR part 67, and the New York State Department of Health guidelines for the removal of lead paint hazards. Contrary to plaintiffs' contention, those statutes, regulations, and guidelines do not establish as a matter of law that defendants had notice of a dangerous condition or that defendants are liable. Rather, the factors set forth in *Chapman v Silber* (97 NY2d 9, 20-21) "remain the bases for determining whether . . . [defendants] knew or

should have known of the existence of a hazardous lead paint condition and thus may be held liable in a lead paint case" (*Watson v Priore*, 104 AD3d 1304, 1305; *see Pagan v Rafter*, 107 AD3d 1505, 1507).  We reject plaintiffs' further contention that the court erred in denying that part of their cross motion seeking partial summary judgment on the issue of liability.  Plaintiffs' own submissions raised an issue of fact whether defendants had notice of a hazardous lead paint condition, and plaintiffs thus failed to establish as a matter of law that defendants are liable (*see Chapman*, 97 NY2d at 15; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We conclude, however, that the court erred in denying that part of plaintiffs' cross motion seeking to dismiss defendants' 3rd and 29th affirmative defenses, which allege, inter alia, culpable conduct on the part of plaintiffs' parents, because those defenses sound in negligent parental supervision (*see Sykes v Roth*, 101 AD3d 1673, 1674; *M.F. v Delaney*, 37 AD3d 1103, 1105; *Christopher M. v Pyle*, 34 AD3d 1286, 1287).  Insofar as defendants' 29th affirmative defense also alleges plaintiffs' ratification of, consent to, or acquiescence in defendants' alleged acts or omissions, that defense should have been dismissed because plaintiffs were non sui juris as a matter of law (*see Van Wert v Randall*, 100 AD3d 1079, 1081; *M.F.*, 37 AD3d at 1104-1105).  We further conclude that the court should have dismissed the 13th affirmative defense insofar as it "allege[s] that plaintiff[s] failed to mitigate [their] damages prior to the time that [they] could be held responsible for [their] actions" (*Watson*, 104 AD3d at 1306; *see Sykes*, 101 AD3d at 1674; *Cunningham v Anderson*, 85 AD3d 1370, 1372, *lv dismissed in part and denied in part* 17 NY3d 948).  The court also should have dismissed the 15th and 17th affirmative defenses, which alleged, inter alia, that plaintiffs' parents created or exacerbated the hazardous lead paint condition, because those defenses have no merit inasmuch as there is no factual support for them in the record (*see* CPLR 3211 [b]; *cf. Connelly v Warner*, 248 AD2d 941, 943).  We therefore modify the order accordingly.  We reject plaintiffs' contentions with respect to the remaining affirmative defenses.

Finally, we note that, although defendants voluntarily withdrew their 27th affirmative defense, the court in its order denied that part of plaintiffs' cross motion seeking to dismiss that defense.  The court's written decision, however, properly reflects that defendants had withdrawn that defense voluntarily.  "Where, as here, there is a conflict between an order and a decision, the decision controls" (*Wilson v Colosimo*, 101 AD3d 1765, 1766 [internal quotation marks omitted]).  We therefore further modify the order accordingly.

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court