# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**200**

**CA 13-01404**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

BRANDON LLOYD, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES H. MOORE, AS ADMINISTRATOR OF THE ESTATE
OF LORRAINE PORTER, DECEASED, ET AL., DEFENDANTS,
AND RONALD FERNANDES, DEFENDANT-APPELLANT.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KATIE L. RENDA OF
COUNSEL), FOR DEFENDANT-APPELLANT.

HEMMING & STAEHR, P.C., WILLIAMSVILLE (JONATHAN E. STAEHR OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered February 28, 2013. The order denied the motion of defendant Ronald Fernandes for summary judgment dismissing the complaint against him.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Ronald Fernandes is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of his exposure to lead paint in two apartments rented to his mother by defendants when he was a child. One of the apartments was owned by defendant 487 Busti Avenue, Limited, which in turn was owned by Ronald Fernandes (defendant) and a nonparty, both of whom served as corporate officers. We conclude that Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint against him. "The 'commission of a tort' doctrine permits personal liability to be imposed on a corporate officer for misfeasance or malfeasance, i.e., an affirmative tortious act; personal liability cannot be imposed on a corporate officer for nonfeasance, i.e., a failure to act" (*Peguero v 601 Realty Corp.*, 58 AD3d 556, 559; *see MLM LLC v Karamouzis*, 2 AD3d 161, 161-162; *Michaels v Lispenard Holding Corp.*, 11 AD2d 12, 14). Such misfeasance may include exacerbating a hazardous lead paint condition by negligently attempting to correct it (*see generally Ward v Bianco*, 16 AD3d 1155, 1156-1157). Here, defendant met his initial burden by presenting "evidence that, if uncontroverted, would have established that [he] did not personally participate in malfeasance or misfeasance constituting an affirmative tortious act" (*Komonaj v Curanovic*, 90 AD3d 505; *see generally Alvarez v Prospect Hosp.*, 68

NY2d 320, 324).  Plaintiff failed to raise an issue of fact in response, inasmuch as he submitted no evidence that defendant affirmatively created the dangerous lead condition at the property or did anything to make it worse; at most, defendant merely failed to remedy the condition.  We thus conclude that he cannot be held individually liable to plaintiff in this action.

Frances E. Cafarell
Clerk of the Court