# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**509**
**CA 16-02040**
PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

AMANDA STOWE, AS PARENT AND NATURAL GUARDIAN OF
LEGEND STOWE AND EMMANUEL STOWE, INFANTS UNDER
THE AGE OF 14 YEARS, PLAINTIFF-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

KAREN FURNESS, DEFENDANT-APPELLANT.

---

HODGSON RUSS LLP, BUFFALO (RYAN K. CUMMINGS OF COUNSEL), FOR
DEFENDANT-APPELLANT.

DAVID P. FELDMAN, BUFFALO, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County
(Matthew J. Murphy, III, A.J.), entered January 28, 2016.  The order
denied the motion of defendant for summary judgment dismissing the
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this negligence action on behalf
of her infant children against defendant, her former landlord, to
recover damages for injuries that the children allegedly sustained as
a result of lead paint exposure.  We conclude that Supreme Court
properly denied defendant's motion for summary judgment dismissing the
complaint.  As the court properly determined, there is an issue of
fact whether defendant had actual or constructive notice of the
hazardous condition (*see generally Chapman v Silber*, 97 NY2d 9, 21-
22).  Defendant stated in an affidavit that she renovated and
repainted the apartment in 2009, learned of the lead paint condition
for the first time in 2014, and immediately asked plaintiff's family
to move out so that she could remediate the property.  In opposition,
plaintiff submitted the affidavit of a prior tenant, who stated that
the Orleans County Department of Health detected dangerously high lead
levels in chipped paint at the apartment in 2006, and that she told
defendant about those results at that time.  We conclude that the
affidavit of the prior tenant, in combination with the deposition
testimony of plaintiff's husband that he informed defendant sometime
after 2009 of chipping paint in the apartment, creates an issue of
fact sufficient to preclude summary judgment.  Contrary to defendant's
contention, the out-of-court statements contained in the prior
tenant's affidavit are not hearsay because they were not offered for
the truth of the matters asserted, i.e., the presence of flaking and

chipping lead paint in the apartment (*see generally Nucci v Proper*, 95 NY2d 597, 602), but instead were offered to establish that defendant had notice thereof.

We reject defendant's further contention that she is entitled to summary judgment on the ground that plaintiff's conduct was a superseding cause of the children's injuries.  Although a defendant in such a case may assert a defense that the plaintiff created or exacerbated the lead paint condition (*see M.F. v Delaney*, 37 AD3d 1103, 1105), the fact that plaintiff and her children failed to vacate the premises for two months after discovering the lead paint condition does not establish such a defense as a matter of law.

Entered:  May 5, 2017                          Frances E. Cafarell
                                               Clerk of the Court