TAYJIA WILLIAMSON and Another, Infants, by TINDARA SMITH, Their Parent and Guardian, Respondents, v MICHAEL J. RINGUETT, Also Known as MICHAEL J. RINGUETTE, Individually and Doing Business as R.S.K. ASSOCIATES, et al., Appellants, et al., Defendant. [925 NYS2d 716]—

Malone Jr., J. Appeal from an order of the Supreme Court (O'Connor, J.), entered July 14, 2010 in Ulster County, which, among other things, denied certain defendants' motion for summary judgment dismissing the complaint against them.

Plaintiffs commenced this action seeking damages for lead paint poisoning allegedly suffered by plaintiff Tayjia Williamson (born in 1992) while residing in an apartment owned by defendants Michael Ringuett, Alan Shaffer and David Klaven, all doing business as defendant R.S.K. Associates (hereinafter collectively referred to as defendants), from May or June 1995 to

December 1996.* Defendants did not personally maintain the premises but, rather, engaged the services of Geoffrey Devor to act as the property manager. Following joinder of issue, defendants moved for summary judgment dismissing the complaint against them, arguing that they did not have actual or constructive notice of any lead paint hazard on their property. Finding that defendants failed to establish that they did not have constructive notice of the hazard, Supreme Court denied defendants' motion and this appeal ensued.

A landlord has constructive notice of a lead paint hazard on his or her property if he or she "(1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*Charette v Santspree*, 68 AD3d 1583, 1584 [2009], quoting *Chapman v Silber*, 97 NY2d 9, 15 [2001]). Defendants do not deny that they retained a right to enter the property and were responsible for repairs, that the building likely contained lead paint due to its age and that such paint posed a danger to the young child residing in the apartment. Instead, the pertinent issue is whether defendants had actual or constructive notice of any peeling or chipped paint on the premises.

As the proponents of summary judgment, it was incumbent upon defendants to "make a prima facie showing of entitlement to judgment as a matter of law" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In that regard, defendants submitted their own deposition testimony in which they denied actual knowledge of peeling or chipped paint on their premises until they were notified of such in September 1995 by the Ulster County Department of Health. They also submitted an affidavit by Devor in which he stated that prior to plaintiffs' tenancy, he was "unaware, at that time, of any peeling or chipped paint" on the premises and that he was not "aware of any maintenance issues with respect to the premises rented by [plaintiffs]" until the Department of Health notified him of the presence of lead paint. Although defendants' affidavits are sufficient to establish that they had no actual notice of the hazard, viewing the evidence in the light most favorable to plaintiffs and affording

* From January 1997 through sometime in 2005, plaintiffs and their mother lived in an apartment owned by defendant Jan Larsen, which plaintiffs also alleged in the complaint contained lead paint and caused injury to plaintiff Alexys Williamson (born in 1997) and exacerbated injuries to Tayjia Williamson. Larsen is not a party to this appeal.

them the benefit of every favorable inference (*see Andrew R. Mancini Assoc., Inc. v Mary Imogene Bassett Hosp.*, 80 AD3d 933, 935 [2011]), because Devor's affidavit is vague with respect to his observations of the premises during the actual period of plaintiffs' occupancy, it is insufficient to establish as a matter of law that, during that time, defendants did not have constructive notice of a lead paint hazard on their premises.

Finally, in support of their motion, defendants did not submit any evidence regarding plaintiffs' allegations that, once notified of the lead paint in their apartment, defendants negligently remediated the hazard. As defendants failed to sustain their initial burden, their motion for summary judgment dismissing the complaint against them was properly denied, regardless of the sufficiency of plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

Rose, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.