# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

293
CA 12-00977
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

JOHNNY WATSON, PLAINTIFF-APPELLANT-RESPONDENT,

V                                              MEMORANDUM AND ORDER

SALVATORE PRIORE, ET AL., DEFENDANTS,
LIVINGSTON WESTON, DEFENDANT-RESPONDENT-APPELLANT,
STEVEN A. ABDOO AND PETER M. BOLOS,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

ATHARI & ASSOCIATES, LLC, UTICA (MO ATHARI OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

BAILEY, KELLEHER & JOHNSON, P.C., ALBANY (MARC J. KAIM OF COUNSEL),
FOR DEFENDANT-RESPONDENT-APPELLANT.

CARL J. COCHI, UTICA, FOR DEFENDANTS-RESPONDENTS.

---

Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered November 2, 2011. The order and judgment, inter alia, granted the motions of defendants Livingston Weston, Steven A. Abdoo and Peter M. Bolos for summary judgment dismissing the complaint against them.

It is hereby ORDERED that said cross appeal is unanimously dismissed and the order and judgment is modified on the law by denying the motion of defendant Livingston Weston and reinstating the complaint against him and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages arising from his exposure to lead paint as a child. Defendants are former owners of various apartments rented by plaintiff's mother, with whom plaintiff lived at the time, and defendants Steven A. Abdoo and Peter M. Bolos were joint owners of the same apartment. In appeal No. 1, plaintiff appeals from an order and judgment that, inter alia, granted the motion of Abdoo and Bolos and that of defendant Livingston Weston seeking summary judgment dismissing the complaint against them and denied plaintiff's cross motion seeking partial summary judgment on the issue of negligence and dismissal of various affirmative defenses, including those based on plaintiff's alleged failure to mitigate damages. Although Weston is not aggrieved by the order and judgment in appeal No. 1, we note that he nevertheless cross-appeals from that order and judgment insofar as it denied that part of his

motion seeking summary judgment on the issue of proximate cause.  We therefore dismiss Weston's cross appeal in appeal No. 1 (*see* CPLR 5511).

In appeal No. 2, plaintiff appeals from a judgment awarding, inter alia, statutory costs to Abdoo and Bolos and, in appeal No. 3, he appeals from a subsequent order denying his motion seeking, inter alia, to vacate the order and judgment in appeal No. 1 with respect to Abdoo and Bolos or leave to renew his opposition to their prior motion for summary judgment dismissing the complaint against them and his cross motion for partial summary judgment as against them.

We initially conclude in appeal No. 1 that Supreme Court properly denied plaintiff's cross motion insofar as it sought partial summary judgment on the issue of negligence.  Contrary to plaintiff's contention, Real Property Law § 235-b does not give rise to a presumption that defendants had notice of the alleged dangerous condition in their properties arising from lead paint (*see Sykes v Roth*, 101 AD3d 1673, 1674).  The factors set forth in *Chapman v Silber* (97 NY2d 9, 20-21) remain the bases for determining whether a landlord knew or should have known of the existence of a hazardous lead paint condition and thus may be held liable in a lead paint case.

We further conclude in appeal No. 1 that the court properly granted the motion of Abdoo and Bolos for summary judgment dismissing the complaint against them.  Those defendants met their initial burden on the motion by submitting evidence that they did not have actual or constructive notice of the lead paint hazard on their property, and in response plaintiff failed to raise a triable issue of fact (*see Sanders v Patrick*, 94 AD3d 1514, 1515, *lv denied* 19 NY3d 814; *cf. Jackson v Brown*, 26 AD3d 804, 805).  We agree with plaintiff, however, that the court erred in granting the motion of Weston for summary judgment dismissing the complaint against him.  We therefore modify the order and judgment in appeal No. 1 accordingly.

The deposition testimony of Weston was equivocal and inconsistent with respect to whether he had constructive notice of a dangerous lead paint condition on his property.  For instance, Weston alternately testified that there "could have been" peeling or chipping paint, that he did not recall whether there was peeling or chipping paint, and that he had "no problem" with peeling or chipping paint.  Weston similarly contradicted himself as to whether he knew that a child lived in the apartment.  Regarding the other *Chapman* factors, Weston testified that he believed that he had a right to re-enter the apartment to make repairs, and he admitted that he knew by 1990 that lead was bad for children and that it could be found in houses like his.  In short, Weston's testimony, unlike that of Abdoo and Bolos, raised triable issues of fact regarding constructive notice (*see Williamson v Ringuett*, 85 AD3d 1427, 1428-1429; *Rivas v Danza*, 68 AD3d 743, 744-745; *Harden v Tynatishon*, 49 AD3d 604, 605).  There is no merit to Weston's contention that he established as a matter of law that plaintiff's injuries were not caused by the alleged dangerous condition at his property.

We reject plaintiff's contention in appeal No. 1 that the court erred in refusing to dismiss in their entirety the affirmative defenses alleging that plaintiff failed to mitigate his damages. The court properly dismissed those affirmative defenses only to the extent that they allege that plaintiff failed to mitigate his damages prior to the time he could be held responsible for his actions (*see Sykes*, 101 AD3d at 1674; *Cunningham v Anderson*, 85 AD3d 1370, 1372, *lv dismissed in part and denied in part* 17 NY3d 948).

With respect to appeal No. 2, we conclude that, because the court properly granted the motion of Abdoo and Bolos for summary judgment dismissing the complaint against them, those defendants were entitled to an award of statutory costs pursuant to CPLR 8101.

Finally, in appeal No. 3, we reject plaintiff's contention that the court erred in denying those parts of his motion to vacate the order and judgment in appeal No. 1 and for leave to renew the prior motion of Abdoo and Bolos as well as that part of his cross motion with respect to those defendants. Plaintiff's motion was based on a document obtained by plaintiff during discovery entitled "Statement as to Condition," which was signed by Abdoo and Bolos at their closing when they purchased the property from its prior owner. In the document, Abdoo and Bolos acknowledge that they are aware "that the premises contain or may contain lead[-]base[d] paint," among other hazardous conditions. According to plaintiff, the document constitutes "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), "newly-discovered evidence" that would have changed the result (CPLR 5015 [a] [2]), and evidence of "fraud, misrepresentation, or other misconduct" by Abdoo and Bolos. We reject that contention. The document is relevant to only one of the *Chapman* factors — whether Abdoo and Bolos knew that the property was constructed at a time before lead-based interior paint was banned — and raises no issues of fact with respect to the remaining factors. For instance, the document does not state that defendants knew that there was peeling or chipping paint in the apartment or whether a child resided therein (*see id.* at 21). In addition, there is no evidence of fraud or misrepresentation on the part of Abdoo and Bolos.

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court