# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**210**
**CA 12-01733**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

NIKKI PAGAN, PLAINTIFF-RESPONDENT-APPELLANT,

V                                   MEMORANDUM AND ORDER

FRANK RAFTER, DEFENDANT-APPELLANT-RESPONDENT.

---

ECKERT SEAMANS CHERIN & MELLOTT, LLC, WHITE PLAINS (STEVEN R. KRAMER OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

ATHARI & ASSOCIATES, LLC, UTICA (MO ATHARI OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered June 11, 2012. The order, inter alia, denied the cross motion of defendant for summary judgment.

It is hereby ORDERED that said cross appeal from the order insofar as it denied that part of the motion seeking to preclude defendant from presenting evidence of factors other than lead poisoning that may have contributed to plaintiff's injuries is unanimously dismissed and the order is modified on the law by granting the cross motion in part and dismissing the first cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained as a result of his exposure to lead paint as a child. The exposure allegedly occurred when plaintiff resided in an apartment rented by his mother from defendant (premises). Plaintiff asserted as a first cause of action that defendant was negligent in his ownership and maintenance of the premises, and as a second cause of action that defendant was negligent in the abatement of the lead paint hazard. Following joinder of issue and discovery, plaintiff moved, inter alia, for partial summary judgment on the issue of liability and for an order taking judicial notice of certain legislative findings, including the congressional findings set forth in 42 USC § 4851, and statutes and regulations regarding lead based paint; precluding defendant from introducing evidence regarding alternative causes of plaintiff's injuries; and dismissing certain affirmative defenses. Defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied the cross motion and those parts of the motion relevant to this appeal. Defendant appeals, and plaintiff cross-appeals.

     With respect to the appeal, we agree with defendant that the court erred in denying that part of his cross motion for summary judgment dismissing the first cause of action, which alleges negligence in his ownership and maintenance of the premises.  We therefore modify the order accordingly.  "To establish that a landlord is liable for a lead-paint condition, a plaintiff must demonstrate that the landlord had actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition" (*Rodriguez v Trakansook*, 67 AD3d 768, 768-769).  Defendant met his burden of establishing that he had no actual or constructive notice of the hazardous lead paint condition prior to an inspection conducted by the county department of health, and plaintiff failed to raise a triable issue of fact (*see Joyner v Durant*, 277 AD2d 1014, 1014-1015; *see also Sanders v Patrick*, 94 AD3d 1514, 1515, *lv denied* 19 NY3d 814; *see generally Chapman v Silber*, 97 NY2d 9, 15).  Contrary to defendant's contention, however, the court properly denied that part of his cross motion seeking summary judgment dismissing the second cause of action, which alleges negligent abatement of the lead-based paint hazard.  Defendant failed to establish his prima facie entitlement to judgment as a matter of law with respect to that cause of action.  Although defendant cross-moved for summary judgment dismissing the entire complaint, he failed to address the second cause of action in support of his cross motion (*see Williams v City of New York*, 40 AD3d 847, 850; *see also Ronan v Northrup*, 245 AD2d 1119, 1119).  Even assuming, arguendo, that defendant established his prima facie entitlement to judgment as a matter of law dismissing the second cause of action, under the circumstances of this case we conclude that the evidence submitted by plaintiff raised triable issues of fact whether defendant took reasonable measures to abate the lead paint hazard after he received actual notice thereof and whether plaintiff sustained additional injuries after defendant received such notice (*see Rivas v Danza*, 68 AD3d 743, 745; *Galicia v Ramos*, 303 AD2d 631, 632-633; *cf. Derr v Fleming*, 106 AD3d 1240, ___).

     With respect to plaintiff's cross appeal, we note at the outset that the cross appeal from the order insofar as it denied that part of his motion seeking to preclude defendant from presenting evidence of factors other than lead poisoning that may have contributed to his injuries must be dismissed.  "[A]n evidentiary ruling, even when made in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (*Angelicola v Patrick Heating of Mohawk Val., Inc.*, 77 AD3d 1322, 1323 [internal quotation marks omitted]).

     Plaintiff further contends that the court erred in denying that part of his motion seeking an order taking judicial notice of the aforementioned congressional findings, statutes, and regulations concerning lead paint because they establish that defendant had constructive notice of the hazards of lead paint to children.  We reject that contention.  "The factors set forth in *Chapman v Silber* (97 NY2d [at] 20-21) remain the bases for determining whether a landlord knew or should have known of the existence of a hazardous lead paint condition and thus may be held liable in a lead paint case" (*Watson v Priore*, 104 AD3d 1304, 1305).  We also conclude that

plaintiff failed to establish defendant's liability as a matter of law, and thus the court properly denied plaintiff's motion for partial summary judgment on the issue of liability (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  Finally, the court properly denied that part of plaintiff's motion to dismiss certain affirmative defenses inasmuch as plaintiff failed to show that those defenses lacked merit as a matter of law (*see Derr*, 106 AD3d at ___; *Van Wert v Randall*, 100 AD3d 1079, 1081; *Cunningham v Anderson*, 85 AD3d 1370, 1372-1373, *lv denied in part and dismissed in part* 17 NY3d 948).

Entered:  June 14, 2013                    Frances E. Cafarell
                                           Clerk of the Court