# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1066**
**CA 13-00617**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

JERMAIN STOKELY, BY THE PARENT AND NATURAL
GUARDIAN ROSINA BELL, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

DOUGLAS WRIGHT, ALONZO GADSDEN,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.

---

ATHARI & ASSOCIATES, LLC, UTICA (MO ATHARI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (JOHN D. GOLDMAN OF
COUNSEL), FOR DEFENDANT-RESPONDENT DOUGLAS WRIGHT.

HURWITZ & FINE, P.C., BUFFALO (V. CHRISTOPHER POTENZA OF COUNSEL), FOR
DEFENDANT-RESPONDENT ALONZO GADSDEN.

---

Appeal from an order of the Supreme Court, Oneida County
(Bernadette T. Clark, J.), entered September 18, 2012. The order,
inter alia, granted the motion of defendant Alonzo Gadsden for summary
judgment dismissing, among other things, the complaint against him,
and denied that part of the cross motion of plaintiff for partial
summary judgment on the issue of liability.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion in part and
reinstating the cause of action for negligent abatement against
defendant Alonzo Gadsden as well as the cross claim against him, and
by vacating that part of the order denying the cross motion with
respect to the affirmative defenses asserted by him, and as modified
the order is affirmed without costs and the matter is remitted to
Supreme Court, Oneida County, for further proceedings in accordance
with the following Memorandum: Plaintiff commenced this action
seeking damages for injuries he allegedly sustained as a result of his
exposure to lead paint as a child in two apartments in which he
resided (premises). Plaintiff asserted causes of action for negligent
ownership and negligent maintenance of the premises, as well as
negligent abatement of the lead paint hazard. Following joinder of
issue and discovery, defendant Alonzo Gadsden, a landlord, moved for
summary judgment dismissing, inter alia, the complaint against him.
Plaintiff cross-moved for, inter alia, partial summary judgment on the
issue of defendants' liability and dismissal of certain affirmative
defenses. Supreme Court granted Gadsden's motion and denied
plaintiff's cross motion with the exception of the request for

dismissal of certain affirmative defenses asserted by defendant Douglas Wright and issuance of a subpoena.  Plaintiff appeals.

" 'To establish that a landlord is liable for a lead-paint condition, a plaintiff must demonstrate that the landlord had actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition' " and failed to do so (*Pagan v Rafter*, 107 AD3d 1505, 1506).  We conclude that Gadsden met his burden of establishing that he had no actual or constructive notice of the hazardous lead paint condition prior to an inspection conducted by the Oneida County Department of Health (*see generally Chapman v Silber*, 97 NY2d 9, 15), and plaintiff failed to raise a triable issue of fact by contending that Real Property Law § 235-b or 42 USC § 4851 placed Gadsden on notice or imposed liability (*see Pagan*, 107 AD3d at 1507; *Watson v Priore*, 104 AD3d 1304, 1305).  Despite plaintiff's repeated assertions to the contrary, "[t]he factors set forth in *Chapman . . .* (97 NY2d 9, 20-21 [2001]) remain the bases for determining whether a landlord knew or should have known of the existence of a hazardous lead paint condition and thus may be held liable in a lead paint case" (*Watson*, 104 AD3d at 1305; *see Sykes v Roth*, 101 AD3d 1673, 1674).

We agree with plaintiff, however, that the court erred in granting Gadsden's motion for summary judgment dismissing the complaint in its entirety against him inasmuch as he failed to address the cause of action for negligent abatement against him in his motion (*see Pagan*, 107 AD3d at 1506; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  Consequently, we modify the order accordingly, and we remit the matter to Supreme Court for further proceedings on that part of plaintiff's cross motion seeking dismissal of certain of Gadsden's affirmative defenses.

Contrary to plaintiff's contention, he was not entitled to judgment as a matter of law "on the issue of liability[,] including notice, negligence and substantial factor," against Wright and Gadsden (*see Watson*, 104 AD3d at 1305; *see generally Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 648; *Derr v Fleming*, 106 AD3d 1240, 1242-1243; *Van Wert v Randall*, 100 AD3d 1079, 1080-1081).  No proof submitted by plaintiff showed that he was observed ingesting paint fragments in defendants' premises or that peeling paint was observed in defendants' premises prior to plaintiff's diagnosis of elevated levels of lead in his blood, and thus plaintiff failed to establish his entitlement to partial summary judgment on the issue of liability (*see generally Alvarez*, 68 NY2d at 324).  Finally, the court properly denied that part of plaintiff's cross motion to dismiss certain affirmative defenses of Wright inasmuch as plaintiff failed to show that those defenses lacked merit as a matter of law (*see Derr*, 106 AD3d at 1244; *Van Wert*, 100 AD3d at 1081).

Frances E. Cafarell

Entered:  November 15, 2013

Clerk of the Court