Fahey, J.
(concurring). I respectfully concur in the result reached by the majority, namely, the dismissal of the appeal from the amended order insofar as it denied that part of the motion to preclude defendants from presenting evidence of factors other than lead poisoning that may have contributed to plaintiffs injuries and the affirmance of the amended order. I write separately, however, to address the dismissal of part of the appeal. I agree with the majority that “ ‘[a]n evidentiary ruling, even when made in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission’ ” (Pagan v Rafter, 107 AD3d 1505, 1507 [2013]), and that the appeal from the amended order insofar as it denied that part of the motion seeking to “preclude] defendants’ attorneys and hired experts from claiming socioeconomic, genetic, eugenic or euthenics alternative and/or negating cause [s]” must be dismissed. I also note, however, that I am troubled by the concept that an individual’s family history may be relevant to establishing a baseline for the purpose of measuring cognitive disability or delay. I acknowledge that an explanation for cognitive problems may arise from one’s personal history, but as a conceptual and general matter I cannot agree with the principle of the eugenics defense that defendants propose here. To my mind, the family of a plaintiff in a lead paint case does not put its medical history and conditions at issue, and the attempt to establish biological characteristics as a defense to diminished intelligence, i.e., a eugenics argument, cannot be countenanced and is something I categorically reject. Present — Smith, J.E, Fahey, Lindley, Sconiers and Whalen, JJ.