# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

369

CA 13-01638

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

KRISTOPHER SPAIN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

VICTOR HOLL AND ROBERT M. SMITH,
DEFENDANTS-RESPONDENTS.

---

ATHARI & ASSOCIATES, LLC, UTICA (MO ATHARI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BOND SCHOENECK & KING, PLLC, SYRACUSE (DANIEL J. PAUTZ OF COUNSEL),
FOR DEFENDANT-RESPONDENT VICTOR HOLL.

WILLIAMSON, CLUNE & STEVENS, ITHACA (PAUL D. SWEENEY OF COUNSEL), FOR
DEFENDANT-RESPONDENT ROBERT M. SMITH.

-----------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme
Court, Oneida County (Samuel D. Hester, J.), entered April 5, 2013 in
a personal injury action. The order and judgment granted the motions
of defendants for summary judgment dismissing the complaint against
them and denied the cross motion of plaintiff for, inter alia, partial
summary judgment on the issues of notice and negligence against
defendant Robert M. Smith.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by denying the motion of defendant
Robert M. Smith and reinstating the complaint against him, and as
modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he allegedly sustained as a result of his exposure to lead
paint as a child in two apartments in which he resided. Defendants,
the owners of the subject properties, each moved for summary judgment
dismissing the complaint against him, and plaintiff cross-moved for,
inter alia, partial summary judgment on the issues of notice and
negligence against defendant Robert M. Smith. Plaintiff appeals from
an order and judgment granting defendants' motions and denying his
cross motion. We conclude that Supreme Court properly denied
plaintiff's cross motion and properly granted the motion of defendant
Victor Holl and dismissed the complaint against him. In order for a
landlord to be held liable for a lead paint condition, it must be
established that the landlord had actual or constructive notice of the
hazardous condition and a reasonable opportunity to remedy it, but
failed to do so (*see Stokely v Wright*, 111 AD3d 1382, 1382). We agree

that Holl met his initial burden by establishing that he did not have actual or constructive notice of the hazardous lead paint condition, and plaintiff failed to raise an issue of fact (*see id.* at 1382-1383; *see generally Chapman v Silber*, 97 NY2d 9, 15).  We agree with plaintiff, however, that the court erred in granting the motion of Smith, and we therefore modify the order accordingly.  We conclude on the record before us that there are issues of fact whether Smith took reasonable measures to abate the lead paint hazard after he received actual notice thereof and whether plaintiff sustained additional injuries after defendant received such notice (*see Pagan v Rafter*, 107 AD3d 1505, 1506-1507).

Entered:  March 28, 2014                          Frances E. Cafarell
                                                  Clerk of the Court