Appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered April 5, 2013 in a personal injury action. The order and judgment granted the motions of defendants for summary judgment dismissing the complaint against them and denied the cross motion of plaintiff for, inter alia, partial summary judgment on the issues of notice and negligence against defendant Robert M. Smith.
It is hereby ordered that the order and judgment so appealed from is unanimously modified on the law by denying the motion of defendant Robert M. Smith and reinstating the complaint against him, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of his exposure to lead paint as a child in two apartments in which he *1369 resided. Defendants, the owners of the subject properties, each moved for summary judgment dismissing the complaint against him, and plaintiff cross-moved for, inter alia, partial summary judgment on the issues of notice and negligence against defendant Robert M. Smith. Plaintiff appeals from an order and judgment granting defendants’ motions and denying his cross motion. We conclude that Supreme Court properly denied plaintiffs cross motion and properly granted the motion of defendant Victor Holl and dismissed the complaint against him. In order for a landlord to be held liable for a lead paint condition, it must be established that the landlord had actual , or constructive notice of the hazardous condition and a reasonable opportunity to remedy it, but failed to do so (see Stokely v Wright, 111 AD3d 1382, 1382 [2013]). We agree that Holl met his initial burden by establishing that he did not have actual or constructive notice of the hazardous lead paint condition, and plaintiff failed to raise an issue of fact (see id. at 1382-1383; see generally Chapman v Silber, 97 NY2d 9, 15 [2001]). We agree with plaintiff, however, that the court erred in granting the motion of Smith, and we therefore modify the order accordingly. We conclude on the record before us that there are issues of fact whether Smith took reasonable measures to abate the lead paint hazard after he received actual notice thereof and whether plaintiff sustained additional injuries after defendant received such notice (see Pagan v Rafter, 107 AD3d 1505, 1506-1507 [2013]).
PresentCentra, J.P, Fahey, Lindley, Sconiers and Whalen, JJ.