# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**756**
**CA 13-02098**
PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

AMANDA MCDONALD AND IAN POWER, INDIVIDUALLY AND
AS PARENTS AND NATURAL GUARDIANS OF MADELINE
POWER, MINOR, PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

LOU FARINA, DEFENDANT-APPELLANT.

---

MUSCATO, DIMILLO & VONA, L.L.P., LOCKPORT (A. ANGELO DIMILLO OF
COUNSEL), FOR DEFENDANT-APPELLANT.

MUSCATO & SHATKIN, LLP, BUFFALO (MARC SHATKIN OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered July 16, 2013. The order denied the
motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries allegedly sustained by their daughter as a result of her
ingestion of lead paint in an apartment owned by defendant. Defendant
appeals from an order denying his motion for summary judgment
dismissing the complaint. Contrary to defendant's contention, he
failed to meet his initial burden on the motion, and we therefore
conclude that Supreme Court properly denied it.

The complaint, insofar as relevant here, alleged that defendant
was negligent in his ownership and maintenance of the premises by
allowing the dangerous lead paint condition to exist, and that
defendant knew, or should have known, that the dangerous condition
existed. Defendant, as the party seeking summary judgment, bore the
initial burden of establishing that he did not have actual or
constructive notice of the dangerous condition, or a reasonable
opportunity to remedy it, prior to the time that plaintiffs' daughter
allegedly ingested the lead paint (*see generally Pagan v Rafter*, 107
AD3d 1505, 1507; *Hines v Double D & S Realty Mgt. Corp.*, 106 AD3d
1171, 1172-1174, *lv denied* 22 NY3d 852; *Williamson v Ringuett*, 85 AD3d
1427, 1428-1429). Defendant contends that he met his initial burden
of demonstrating that he had no actual or constructive notice of the
peeling lead-based paint before plaintiffs' daughter exhibited
elevated lead levels in her blood and, therefore, he did not have a

reasonable opportunity to remedy the condition.  We reject that contention.  With respect to actual and constructive notice, "[t]he [five] factors set forth in *Chapman v Silber* (97 NY2d 9, 20-21 [2001]) remain the bases for determining whether a landlord knew or should have known of the existence of a hazardous lead[-]paint condition and thus may be held liable in a lead[-]paint case" (*Watson v Priore*, 104 AD3d 1304, 1305, *lv dismissed in part and denied in part* 21 NY3d 1052).  Inasmuch as the evidence that defendant submitted in support of his motion failed to eliminate all triable issues of fact with respect to the five *Chapman* factors, we conclude that the court properly denied the motion, "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Entered:  July 11, 2014                          Frances E. Cafarell
                                                Clerk of the Court