# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**996**

**CA 13-01391**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND VALENTINO, JJ.

---

DEVON FAISON AND TIERRA FAISON, AN INFANT, BY
HER PARENT AND NATURAL GUARDIAN, KIMBERLY
BARNETT, PLAINTIFFS-APPELLANTS-RESPONDENTS,

V                                              MEMORANDUM AND ORDER

LEE LUONG, JAMES L. CUYLER AND GEORGIA CUYLER,
DEFENDANTS-RESPONDENTS-APPELLANTS.
(APPEAL NO. 1.)

---

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (MO ATHARI OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS-RESPONDENTS.

SLIWA & LANE, BUFFALO (STANLEY J. SLIWA OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT LEE LUONG.

BURGIO, KITA, CURVIN & BANKER, BUFFALO (STEVEN P. CURVIN OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS-APPELLANTS JAMES L. CUYLER AND GEORGIA
CUYLER.

---

Appeal and cross appeals from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered May 9, 2013. The judgment and order denied the motion and cross motions of the parties for summary judgment.

It is hereby ORDERED that the judgment and order so appealed from is unanimously modified on the law by granting the motion and dismissing the complaint against defendant Lee Luong and by granting the cross motion of defendants James L. Cuyler and Georgia Cuyler and dismissing the cause of action for negligent ownership and maintenance against them for the time period prior to September 30, 1994 and as modified the judgment and order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by plaintiff Devon Faison and his sister, Tierra Faison, as a result of their exposure to lead paint as children. The consolidated complaint asserted causes of action for negligent ownership and maintenance of the subject properties, as well as negligent abatement of the lead paint hazards. Defendant Lee Luong, the landlord of one of the properties, moved for summary judgment dismissing the complaint against him, which was limited to allegations concerning Devon. Plaintiffs cross-moved for, inter alia, summary judgment on the issues of "liability (notice, negligence and substantial factor) against defendants" and dismissal of various

defenses.  Defendants James L. Cuyler and Georgia Cuyler, the landlords of the other subject property, cross-moved for partial summary judgment.  By the judgment and order in appeal No. 1, Supreme Court denied the motion and cross motions.  Thereafter, the order in appeal No. 2 was entered, which again denied the Cuylers' cross motion, and the order in appeal No. 3 was entered, which, inter alia, again denied Luong's motion.  Plaintiffs appeal and defendants cross-appeal from the judgment and order in appeal No. 1.  In addition, the Cuylers appeal from the order in appeal No. 2, and plaintiffs appeal and Luong cross-appeals from the order in appeal No. 3.

At the outset, we note that the "judgment and order" in appeal No. 1 encompasses Supreme Court's determination of the motion and cross motions before it, and the orders in appeal Nos. 2 and 3 contain no material or substantial change from the judgment and order in appeal No. 1.  We therefore dismiss the appeal from the order in appeal No. 2 and the appeal and cross appeal from the order in appeal No. 3, inasmuch as the appeal properly lies from the judgment and order in appeal No. 1 (*see generally Matter of Kolasz v Levitt*, 63 AD2d 777, 779).

Even assuming, arguendo, that plaintiffs tendered admissible evidence establishing that Devon and Tierra were exposed to lead paint, we conclude that the court properly denied that part of plaintiffs' cross motion for summary judgment on the issues of "liability (notice, negligence and substantial factor)."  "In order for a landlord to be held liable for a lead paint condition, it must be established that the landlord had actual or constructive notice of the hazardous condition and a reasonable opportunity to remedy it, but failed to do so" (*Spain v Holl*, 115 AD3d 1368, 1369; *see Pagan v Rafter*, 107 AD3d 1505, 1506; *see generally Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646).  We conclude that plaintiffs failed to meet their initial burden of establishing that defendants had actual or constructive notice (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  We reject plaintiffs' further contention that the court erred in denying that part of their cross motion seeking dismissal of the Cuylers' second affirmative defense, alleging plaintiffs' failure to mitigate.  Here, plaintiffs "failed to show that [the] defense[] lacked merit as a matter of law" (*Pagan*, 107 AD3d at 1507).

We agree with Luong, however, that he met his burden on his motion with respect to the cause of action for negligent ownership and maintenance of the subject property by establishing that he did not have actual or constructive notice of the hazardous lead paint condition, and Devon failed to raise a triable issue of fact (*see Spain*, 115 AD3d at 1369; *see generally Chapman v Silber*, 97 NY2d 9, 15).  We further agree with Luong that he met his burden with respect to the negligent abatement cause of action by establishing that he abated the lead paint hazard in a reasonable manner, and Devon failed to raise an issue of fact (*cf. Pagan*, 107 AD3d at 1506-1507; *see generally Juarez*, 88 NY2d at 646).  We therefore modify the judgment and order in appeal No. 1 by granting Luong's motion and dismissing the complaint against him.  Inasmuch as the complaint against Luong is

dismissed, we do not address the contentions of plaintiffs concerning the court's refusal to dismiss Luong's various defenses.

We agree with the Cuylers that the court erred in denying their cross motion for partial summary judgment dismissing the cause of action for negligent ownership and maintenance against them insofar as it concerns the time period prior to September 30, 1994, the date on which they received notification of a lead paint hazard from the Monroe County Department of Health.  We therefore further modify the judgment and order in appeal No. 1 accordingly.  Those defendants established that, prior to that date, they did not have actual or constructive notice of a lead paint hazard at the subject property, and plaintiffs failed to raise a triable issue of fact (*see Spain*, 115 AD3d at 1369; *see generally Chapman*, 97 NY2d at 15).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court