# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1363

CA 14-00842

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

TAKISHA MOYE, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

JOEL A. GIAMBRA AND MICHELLE M. GIAMBRA,
DEFENDANTS-RESPONDENTS.

---

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (MO ATHARI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, BUFFALO (RYAN C. MAHONEY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered February 10, 2014 in a personal injury action.
The order, among other things, granted defendants' cross motion for
summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she allegedly sustained as a result of her exposure to lead
paint as a child in an apartment in which she resided.  The complaint
alleges two causes of action against defendants, the landlords of the
subject property, i.e., negligent ownership and maintenance of the
premises, and negligent abatement of the lead paint hazards.
Plaintiff moved for, inter alia, partial summary judgment on the
"issues of liability (notice, negligence and substantial factor)," and
defendants cross-moved for summary judgment dismissing the complaint.
Supreme Court properly granted the cross motion.  "In order for a
landlord to be held liable for a lead paint condition, it must be
established that the landlord had actual or constructive notice of the
hazardous condition and a reasonable opportunity to remedy it, but
failed to do so" (*Spain v Holl*, 115 AD3d 1368, 1369; *see Pagan v
Rafter*, 107 AD3d 1505, 1506; *see generally Juarez v Wavecrest Mgt.
Team*, 88 NY2d 628, 646).  We agree with defendants that they met their
burden on the cross motion with respect to the cause of action for
negligent ownership and maintenance of the premises by establishing
that they did not have actual or constructive notice of the hazardous
lead paint condition, and plaintiff failed to raise a triable issue of
fact (*see Spain*, 115 AD3d at 1369; *see generally Chapman v Silber*, 97
NY2d 9, 15).  We further agree with defendants that they met their
burden with respect to the negligent abatement cause of action by

establishing that they abated the lead paint hazard in a reasonable manner, and plaintiff failed to raise a triable issue of fact (*cf. Pagan*, 107 AD3d at 1506-1507).

In view of our determination, we do not address plaintiff's remaining contentions.

Entered:  February 6, 2015                          Frances E. Cafarell
                                                    Clerk of the Court