# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**126**

**CA 14-01142**

PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

CHRISTOPHER HAMILTON, PLAINTIFF-APPELLANT,

V                                                         MEMORANDUM AND ORDER

JOHN MILLER, DAVID MILLER, JULES MUSINGER,
DOUG MUSINGER AND SINGER ASSOCIATES,
DEFENDANTS-RESPONDENTS.

---

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (MO ATHARI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

SLIWA & LANE, BUFFALO (STANLEY J. SLIWA OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS JOHN MILLER AND DAVID MILLER.

WARD GREENBERG HELLER & REIDY LLP, ROCHESTER (JOSHUA M. AGINS OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS JULES MUSINGER, DOUG MUSINGER AND
SINGER ASSOCIATES.

---

Appeal from an order of the Supreme Court, Monroe County (John J.
Ark, J.), entered December 5, 2013. The order granted the motion of
defendants John Miller and David Miller for summary judgment and
dismissed the complaint against those defendants, and denied the cross
motion of plaintiff for, inter alia, partial summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he allegedly sustained as the result of exposure to lead
paint in apartments rented by his mother from defendants when he was a
child. Defendants John Miller and David Miller moved for summary
judgment dismissing plaintiff's complaint as against them. Plaintiff
cross-moved for, inter alia, partial summary judgment against the
Millers, as well as the remaining defendants (Musinger defendants), on
the issues of "liability (notice, negligence and substantial factor),"
and dismissal of various affirmative defenses. Supreme Court granted
the Millers' motion and denied plaintiff's cross motion. We affirm.

"In order for a landlord to be held liable for a lead paint
condition, it must be established that the landlord had actual or
constructive notice of the hazardous condition and a reasonable
opportunity to remedy it, but failed to do so" (*Spain v Holl*, 115 AD3d
1368, 1369; *see Pagan v Rafter*, 107 AD3d 1505, 1506; *see generally
Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646). We agree with the

Millers that they met their burden on their motion with respect to the cause of action for negligent ownership and maintenance of the premises by establishing that they did not have actual or constructive notice of the hazardous lead paint condition, and plaintiff failed to raise a triable issue of fact (*see Spain*, 115 AD3d at 1369; *see generally Chapman v Silber*, 97 NY2d 9, 15). We further agree with the Millers that they "met their burden with respect to the negligent abatement cause of action by establishing that they abated the lead paint hazard in a reasonable manner, and plaintiff failed to raise a triable issue of fact" (*Moye v Giambra*, 125 AD3d 1411, 1412; *cf. Pagan*, 107 AD3d at 1506-1507). For the same reasons, we conclude that the court properly denied plaintiff's cross motion for partial summary judgment against the Millers.

Plaintiff further contends that the court erred in denying that part of his cross motion for partial summary judgment against the Musinger defendants on the issues of "liability (notice, negligence and substantial factor)." We reject that contention. Under the circumstances of this case, we conclude that there is an issue of fact whether the Musinger defendants had notice of the dangerous lead paint condition in the subject apartment "for such a period of time that, in the exercise of reasonable care, it should have been corrected" (*Juarez*, 88 NY2d at 646; *see Heyward v Shanne*, 114 AD3d 1212, 1213). With regard to constructive notice, we conclude that there are issues of fact with respect to the first *Chapman* factor, i.e., whether the Musinger defendants retained a right of entry to the premises, and the third *Chapman* factor, i.e., whether the Musinger defendants were aware that paint was peeling on the premises (*see Watson v Priore*, 104 AD3d 1304, 1305-1306, *lv dismissed in part and denied in part* 21 NY3d 1052; *see also Heyward*, 114 AD3d at 1214; *see generally Chapman*, 97 NY2d at 15, 20-21). We also conclude that there is an issue of fact as to causation (*see Heyward*, 114 AD3d at 1214; *Robinson v Bartlett*, 95 AD3d 1531, 1534-1535).

Finally, the court properly denied that part of plaintiff's cross motion seeking to dismiss certain affirmative defenses asserted by the Musinger defendants inasmuch as plaintiff failed to show that those defenses lacked merit as a matter of law (*see Heyward*, 114 AD3d at 1214-1215; *Pagan*, 107 AD3d at 1507).

Entered:  May 1, 2015                    Frances E. Cafarell
                                         Clerk of the Court