# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**955**

**CA 15-00234**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

RONALD KIMBALL, JR., PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

LAWRENCE E. NORMANDEAU, JR., RONALD MATTESON,
DONNA MATTESON, MICHELLE T. NORMANDEAU AND
WILLIAM MARONEY, DEFENDANTS-RESPONDENTS.

---

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (MO ATHARI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

KNYCH & WHRITENOUR, LLC, SYRACUSE (MATTHEW E. WHRITENOUR OF COUNSEL),
FOR DEFENDANT-RESPONDENT WILLIAM MARONEY.

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP, NEW YORK CITY (MARSHA E.
HARRIS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS LAWRENCE E. NORMANDEAU,
JR. AND MICHELLE T. NORMANDEAU.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (RICHARD L. WEBER OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS RONALD MATTESON AND DONNA MATTESON.

---

Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered May 30, 2014 in a personal injury action. The order, among other things, granted defendants' motions for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying in part the motion of defendant William Maroney and reinstating the premises liability cause of action against him, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Oswego County, for determination of the remaining issues raised in the motion of plaintiff insofar as they concern that defendant.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of his exposure to lead paint as a child in three apartments in which he resided. The first apartment in which plaintiff resided was owned by defendants Lawrence E. Normandeau, Jr. and Michelle T. Normandeau (collectively, Normandeaus), the second was owned by defendant William Maroney, and the third was owned by defendants Ronald Matteson and Donna Matteson (collectively, Mattesons). The complaint set forth six causes of action, one against each set of defendants for negligent ownership and maintenance of the relevant premises (premises liability causes of

action), and one against each set of defendants for negligent abatement of the lead paint hazard in the pertinent premises (negligent abatement causes of action). Plaintiff moved for, inter alia, partial summary judgment on liability and dismissal of certain affirmative defenses, and each set of defendants moved separately for summary judgment dismissing the complaint against them. Supreme Court granted defendants' motions, denied that part of plaintiff's motion for partial summary judgment, and did not reach that part of plaintiff's motion seeking dismissal of certain affirmative defenses. Plaintiff appeals.

" 'To establish that a landlord is liable for a lead-paint condition, a plaintiff must demonstrate that the landlord had actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition,' " and failed to do so (*Pagan v Rafter*, 107 AD3d 1505, 1506). Thus, to meet their burden on their motions for summary judgment with respect to the premises liability causes of action, defendants were required to establish that they "had no actual or constructive notice of the hazardous lead paint condition prior to an inspection conducted by the [Oswego] County Department of Health" (*Stokely v Wright*, 111 AD3d 1382, 1382-1383; *see generally Chapman v Silber*, 97 NY2d 9, 15). Notwithstanding plaintiff's repeated citations to irrelevant case law, "[t]he factors set forth in *Chapman* . . . remain the bases for determining whether a landlord knew or should have known of the existence of a hazardous lead paint condition and thus may be held liable in a lead paint case" (*Watson v Priore*, 104 AD3d 1304, 1305, *lv dismissed in part and denied in part* 21 NY3d 1052; *see Sykes v Roth*, 101 AD3d 1673, 1674). We conclude that the Mattesons and the Normandeaus met their burden of establishing that they had no actual or constructive notice of the hazardous lead paint condition before their premises were inspected by the Oswego County Department of Health (*see generally Chapman*, 97 NY2d at 15), and plaintiff failed to raise a triable issue of fact (*see Pagan*, 107 AD3d at 1506; *Watson*, 104 AD3d at 1305). The court therefore properly granted those parts of the motions of the Mattesons and the Normandeaus with respect to the causes of action for premises liability.

Although Maroney met his burden on his motion with respect to the premises liability cause of action against him, we conclude that plaintiff raised a triable issue of fact by submitting the testimony of plaintiff's mother that she informed Maroney's agent that paint was chipping and peeling at Maroney's premises and that plaintiff had prior health problems arising from exposure to lead paint chips. Thus, "plaintiff presented evidence from which it may be inferred that [Maroney] knew that . . . paint was peeling on the premises, and knew of the hazards of lead-based paint to young children" (*Jackson v Brown*, 26 AD3d 804, 805; *see Jackson v Vatter*, 121 AD3d 1588, 1589). We therefore modify the order by denying in part the motion of Maroney and reinstating the premises liability cause of action against him. We further conclude, however, that plaintiff failed to meet his burden on that part of his motion for partial summary judgment on the issue of liability with respect to Maroney (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324), and thus the court properly denied that part

of plaintiff's motion.

We reject plaintiff's further contention that the court erred in granting defendants' motions with respect to the negligent abatement causes of action.  Defendants demonstrated that they took reasonable precautionary measures to remedy the hazardous lead condition after they received actual notice thereof from the Oswego County Department of Health, and plaintiff failed to raise a triable issue of fact (*see generally id.*).  Indeed, we note that plaintiff did not live in the Mattesons' premises during or at any time after they performed their abatement procedures, and thus there is no possibility that he sustained any injury from those procedures.

Finally, we reject plaintiff's contention that the court should have granted that part of his motion for partial summary judgment on the issues of "liability (notice, negligence and substantial factor)." With respect to the only cause of action that remains, the premises liability cause of action against Maroney, "plaintiff failed to establish [that] defendant's liability as a matter of law" (*Pagan*, 107 AD3d at 1507; *see Hamilton v Miller*, 128 AD3d 1321, 1322; *Faison v Luong*, 122 AD3d 1268, 1269).  We remit the matter to Supreme Court to determine the remaining issues raised in plaintiff's motion with respect to Maroney but not decided by the court, including the dismissal of certain affirmative defenses.

Entered:  October 9, 2015                          Frances E. Cafarell
                                                   Clerk of the Court