# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**41**

**CA 16-01215**

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

TIMOTHY TAGGART, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARGARET FANDEL AND JOHN FANDEL,
DEFENDANTS-APPELLANTS.

BURGIO, KITA, CURVIN & BANKER, BUFFALO (STEVEN P. CURVIN OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (ANDREW L. BOUGHRUM OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered March 21, 2016. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: In this action to recover damages for personal injuries allegedly arising from exposure to lead paint, defendants appeal from an order that, inter alia, granted in part their motion for summary judgment by dismissing certain claims, but denied the motion with respect to three claims, i.e., the premises liability claim arising from allegations that defendants had actual or constructive notice of deteriorating lead paint on the premises, the claim for failure to warn of a hazardous condition, and the claim for failure to inspect the premises to discover deteriorating lead paint. We agree with defendants that Supreme Court erred in denying those parts of the motion, and we therefore reverse the order insofar as appealed from and grant the motion in its entirety.

The law is well settled. With respect to the premises liability claim, "[i]n order for a landlord to be held liable for a lead paint condition, it must be established that the landlord had actual or constructive notice of the hazardous condition and a reasonable opportunity to remedy it, but failed to do so" (*Spain v Holl*, 115 AD3d 1368, 1369; *see generally Chapman v Silber*, 97 NY2d 9, 19-20). A plaintiff can establish that the landlord had constructive notice of a hazardous lead paint condition by showing that the landlord: "(1) retained a right of entry to the premises and assumed a duty to make

repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*Chapman*, 97 NY2d at 15). Therefore, insofar as relevant here, in order "to meet their burden on their motion[] for summary judgment with respect to the premises liability [claim], defendants were required to establish that they 'had no actual or constructive notice of the hazardous lead paint condition prior to an inspection conducted by the [Monroe] County Department of Health [MCDH]' " (*Kimball v Normandeau*, 132 AD3d 1340, 1341; *see Stokely v Wright*, 111 AD3d 1382, 1382)

We agree with defendants that they met their initial burden of establishing that they did not have actual or constructive notice of a hazardous lead paint condition on the premises prior to an inspection conducted by the MCDH (*see Spain*, 115 AD3d at 1369; *Stokely*, 111 AD3d at 1382-1383; *cf. Watson v Priore*, 104 AD3d 1304, 1305-1306, *lv dismissed in part and denied in part* 21 NY3d 1052). Defendants submitted affidavits and deposition testimony establishing that they were not aware of any peeling or chipping paint on the premises prior to the inspection conducted by the MCDH. Defendants also established that neither plaintiff nor the relatives with whom plaintiff resided at the premises ever complained to either defendant of any peeling or chipping paint on the premises. Contrary to plaintiff's contention, he failed to raise an issue of fact whether defendants were aware of chipping and peeling paint on the premises (*see Kimball*, 132 AD3d at 1341; *cf. Davis v Brzostowski*, 133 AD3d 1371, 1372), or whether defendants retained the requisite right of entry to the apartment to sustain a claim for constructive notice (*see Sanders v Patrick*, 94 AD3d 1514, 1515, *lv denied* 19 NY3d 814). Furthermore, "[w]ithout evidence legally sufficient to permit a jury to rationally infer that the defendant had constructive notice of a dangerous condition, the defendant cannot be held liable for failure to warn or to remedy the defect" (*Maguire v Southland Corp.*, 245 AD2d 347, 348; *see generally Ramos v Baker*, 91 AD3d 930, 932). Consequently, absent evidence raising a triable issue of fact whether defendants had actual or constructive notice of a dangerous condition on the premises, the court erred in denying that part of the motion seeking dismissal of the failure to warn claim.

Contrary to plaintiff's further contention, Real Property Law § 235-b does not raise a presumption that defendants had notice of the dangerous condition. "That section provides that, when entering into a lease agreement, the landlord warrants that the premises are habitable; it does not constitute 'controlling legislation' warranting a determination that defendant had notice of the dangerous condition" (*Sykes v Roth*, 101 AD3d 1673, 1674; quoting *Chapman*, 97 NY2d at 15).

We also agree with defendants that the claim alleging failure to inspect the apartment for lead paint must be dismissed. "The Court of Appeals in *Chapman* (97 NY2d at 21) expressly decline[d] to impose a new duty on landlords to test for the existence of lead in leased properties based solely upon the general knowledge of the dangers of

lead-based paints in older homes" (*Sanders*, 94 AD3d at 1516 [internal quotation marks omitted]), and plaintiff here has proposed no other viable basis for the imposition of such a duty.

Entered:  March 24, 2017                    Frances E. Cafarell
                                           Clerk of the Court