Brown v Webb-Weber (2018 NY Slip Op 03478)





Brown v Webb-Weber


2018 NY Slip Op 03478


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


6556 159252/14 595628/16

[*1]Christopher Brown, Plaintiff-Respondent,
v
Wendy Webb-Weber, Defendant-Appellant.
Wendy Webb-Webber, Third-Party Plaintiff-Appellant,
v
Steven Thau, Third-Party Defendant-Respondent.


Law Offices of Richard A. Fogel, P.C., Islip (Richard A. Fogel of counsel), for appellant.
Levy Konigsberg LLP, New York (Brendan E. Little of counsel), for Christopher Brown, respondent.
Lewis Johns Avallone Aviles, LLP, Islandia (Robert A. Lifson of counsel), for Steven Thau, respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered October 3, 2017, which denied defendant's motion for summary judgment dismissing the complaint, granted third-party defendant's motion for summary judgment dismissing the third-party complaint, and denied defendant's motion to consolidate the actions as moot, unanimously affirmed, without costs.
The record demonstrates that lead abatement in the premises owned by defendant in which plaintiff resided between the ages of one and five did not start for more than seven months after plaintiff was diagnosed with an elevated blood-lead level and the Westchester County Department of Health confirmed the existence of lead-based paint at the premises. Contrary to defendant's contention, the fact that she obtained a grant and Westchester County managed the abatement, without more, does not entitle her to judgment as a matter of law (compare Kimball v Normandeau, 132 AD3d 1340, 1342 [4th Dept 2015] ["Defendants demonstrated that they took reasonable precautionary measures to remedy the hazardous lead condition after they received actual notice thereof"]). Plaintiff's medical and school records demonstrate that as a child he suffered developmental delays, learning disabilities, and behavioral issues consistent with exposure to lead (Parker v Mobil Oil Corp., 7 NY3d 434, 448 [2006]).
Third-party defendant (Thau) established prima facie that
he cannot be held liable for plaintiff's injuries. Before moving to the premises owned by defendant, plaintiff lived in an apartment owned by Thau for approximately one year, during which his blood-lead levels were well within normal range and he did not exhibit any developmental delays readily attributable to exposure to lead. In opposition, defendant failed to raise an issue of fact. Her argument that courts have found that even low blood-lead levels can be injurious is without merit (see Veloz v Refika Realty Co., 38 AD3d 299 [1st Dept 2007], lv denied 9 NY3d 817 [2008]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK