McDowell v Maldovan (2020 NY Slip Op 01748)





McDowell v Maldovan


2020 NY Slip Op 01748


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND BANNISTER, JJ.


136 CA 19-00399

[*1]ANALISA MCDOWELL, PLAINTIFF-RESPONDENT,
v
WILLIAM D. MALDOVAN, ERIE COUNTY SPECIAL ADMINISTRATOR, AS ADMINISTRATOR OF THE ESTATE OF PETER B. FRENNING, ALSO KNOWN AS PETER BARBEY FRENNING, ET AL., DEFENDANTS, AND MICHAEL C. BRANT, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






BENNETT SCHECHTER ARCURI & WILL LLP, BUFFALO (PETER D. CANTONE OF COUNSEL), FOR DEFENDANT-APPELLANT.
HEMMING & STAEHR, P.C., WILLIAMSVILLE (JONATHAN E. STAEHR OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered October 23, 2018. The order denied the motion of defendant Michael C. Brant for summary judgment dismissing the amended complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the amended complaint is dismissed against defendant Michael C. Brant.
Memorandum: Plaintiffs commenced these actions seeking damages for injuries they allegedly sustained as a result of exposure to lead paint. In each appeal, Michael C. Brant (defendant) appeals from an order denying his motion for summary judgment dismissing the amended complaint against him. We agree with defendant in both appeals that Supreme Court erred in denying those motions.
"To establish that a landlord is liable for a lead-paint condition, a plaintiff must demonstrate that the landlord had actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition, and failed to do so" (Kimball v Normandeau, 132 AD3d 1340, 1341 [4th Dept 2015] [internal quotation marks omitted]). With respect to constructive notice, a triable issue of fact exists where "the landlord (1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (Chapman v Silber, 97 NY2d 9, 15 [2001]; see Kimball, 132 AD3d at 1341).
Here, defendant owned the subject property, as a tenant in common, with his father during the period of plaintiffs' tenancy from 1992 to 1994. In support of his motions, defendant submitted his affidavit, wherein he averred, among other things, that he was a
co-owner of the property "on paper only," that his father handled all day-to-day maintenance of the property, and that defendant never entered plaintiffs' apartments or hired anyone to make repairs thereto during plaintiffs' tenancy. Defendant further averred that he did not have a key to the apartments and that he never spoke to or received complaints from plaintiffs or plaintiffs' mother. Defendant's submissions also established that he had no knowledge of inspections for or the existence of lead paint at the property during plaintiffs' tenancy and that he was unaware that the property was constructed at a time before lead paint was banned, that paint was peeling at the [*2]property, that lead paint posed a danger to young children, and that young children lived on the property.
Regardless of whether defendant's father had actual or constructive notice through his own involvement with the property, that notice cannot be imputed to defendant absent evidence of defendant's own actual or constructive notice (see Hamilton v Picardo, 118 AD3d 1260, 1261-1262 [4th Dept 2014], lv denied 24 NY3d 904 [2014]). Under these circumstances, we agree with defendant that he met his initial burden of establishing that he did not have actual or constructive notice of a hazardous lead paint condition on the premises (see generally Taggart v Fandel, 148 AD3d 1521, 1522-1523 [4th Dept 2017], lv denied 30 NY3d 903 [2017]; Johnson v Giles, 128 AD3d 1333, 1334 [4th Dept 2015]), and that plaintiffs failed to raise an issue of fact in opposition.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court